Nov. Term,
1849.

THE STATE
v.
BURGETT.

---

THE STATE *v.* BURGETT.

It is not necessary in an indictment for permitting a horse to be run on a public highway, to state the *termini* of the highway.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an indictment against the defendant for knowingly permitting his gelding to be run in what is commonly called a horse-race along and upon a certain public highway in the county of *Tippecanoe,* and state of *Indiana,* with and against a certain mare then and there belonging to one *Charles Adams,* contrary to the form of the statute, &c.

This indictment, on the defendant's motion, was quashed.

The only objection made to the indictment is, that the *termini* of the highway are not stated. The indictment follows the language of the statute on which it is founded. R. S. 1843, p. 982, s. 103. Mr. *Chitty,* in mentioning the requisites of an indictment against a parish for not repairing a highway, says that it is not necessary, in any case, to state the *termini* of the way in question, for highways have no certain boundaries. 3 Chitt. Crim. Law, 570. There is also a late case in which it was held, that in an indictment for non-repair of a highway it is not necessary to state the *termini;* but that if they are stated, they must be proved. *Rex* v. *The Inhabitants, &c.,* 6 Carr. & Payne, 582. In trespass *quare clausum fregit,* it is not necessary in pleading a public highway in

Tuesday,
November 27.

Nov. Term, 1849.

justification, to state the *termini*, of the highway. Per *Wilson*, Justice, in *Rouse* v. *Bardin et al.*—1 Hen. Blacks. 351.—2 Chitt. Precedents, 778, note q.—2 Saund. 158, note 6. It has been held that in an indictment for a nuisance on the river *Thames*, the *terminus a quo* and *ad quem* it flows need not be stated. *The King* v. *Haddock*, Andrews, 137. So where an indictment for a nuisance in a highway was objected to because the *termini* of the way were not stated, the objection was overruled. *Rex* v. *Hamond*, 1 Strange, 44.

We are satisfied, upon these authorities, that the objection made to the indictment before us is not tenable.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. F. Lane*, for the state.

*E. H. Brackett* and *G. S. Orth*, for the defendant.