## ROBB v. THE STATE.

CRIMINAL LAW.—*Horse-Racing.*—*Evidence.*—An indictment charged the defendant with suffering his horse to be run in a horse-race; the evidence showed that the defendant rode in a race a horse which was owned by another person.
*Held*, that the evidence was insufficient.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

DOWNEY, J.—The appellant was indicted for suffering his horse to be run in a horse-race along a public highway, and

on plea of not guilty and trial by the court, was found guilty; a new trial was refused, and there was final judgment against him.

The refusal to grant a new trial is the error alleged, and the question made is as to the sufficiency of the evidence. The facts were agreed upon and are as follows:

"It is agreed, by and between the parties hereto, that the evidence in the above entitled cause is to the effect that the said defendant on the 1st day of August, 1875, at the county of Gibson, was running a horse which he was riding in a horse-race with one Moses Robb, Jr., on a public highway in said county leading from Princeton, in said county, to Petersburgh, in Pike county, and that said defendant was heard to say that he would not have a horse that could not beat a two-year old.

"It is further agreed that the horse rode by the defendant at the time was not his horse, but was the horse of his father, which he had procured that morning and was riding that day; that said defendant is a minor; and that he ran said horse without the father's knowledge or consent. And it is hereby agreed to submit this cause to the court for trial upon the above agreed statement of facts."

The statute on which the indictment is founded reads as follows:

"Any person who shall knowingly suffer his horse to be run in a 'horse-race' along any public highway in this State, and any person who shall act as rider in any such race, on being convicted shall be fined," etc. 2 G. & H. 467, sec. 31.

For the owner of a horse to knowingly suffer his horse to be run in a horse-race is one offence under this section. For any person to act as rider in such a race is another and different offence. It is probable that the legislature, in the last branch of the section, had reference to the case where the rider was not the owner of the horse ridden by him. It is not necessary for us to say under which branch of the section the indictment should be drawn, when the owner not only suffers his horse to be run in the race but also acts as

rider of his own horse. Perhaps he might be indicted under either, but would be liable to only one punishment for both concurrent acts.

In *The State* v. *Ness*, 1 Ind. 64, it was said: "It is an offence for a person to permit his horse to be run in a horse-race. It is a separate offence for a person to act as a rider in a race." In the case under consideration, the defendant was charged with suffering his horse to be run in a horse-race. The evidence shows that the defendant did not own the horse, but rode the horse of another person. We think the evidence did not prove the offence charged.

The judgment is reversed, and the cause remanded for a new trial.