Rodifer v. The State.

---

No. 9398.

## RODIFER v. THE STATE.

CRIMINAL LAW.—*Renting Property for Gaming Purposes.*—*Evidence.*—To sustain a prosecution, under section 29 of the act defining misdemeanors, etc., 2 R. S. 1876, p. 469, the State must show, by sufficient evidence, either direct or circumstantial, that the accused rented the property to be used for the purpose of gaming.

---

Rodifer *v.* The State.

---

From the Boone Circuit Court.

*C. S. Wesner*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. R. Moore*, Prosecuting Attorney, for the State.

ELLIOTT, J.—The appellant was tried and convicted upon an indictment charging him with having rented a house "to be used for gaming." There is a single question discussed, and that is: Was the verdict sustained by the evidence?

The indictment is based upon the 29th section of the misdemeanor statute, which provides, among other things, that it shall be an offence for any person "being the owner of any building, arbor, booth, shed or tenement," to "rent the same to be used for gaming." To sustain a prosecution under this statute, the State must show that the accused rented the property for the purpose of gaming. We do not mean, of course, that there must be direct evidence showing the purpose for which the property was rented, but there must be sufficient evidence, either direct or circumstantial, of this essential element of the offence, or no prosecution can be maintained. In the present case, there was an entire absence of evidence upon this material point. So far from its having been proved by the State that the premises were rented for use for gaming, it was proved that the appellant expressly prohibited their use for that purpose, and exacted from his tenant an agreement that they should not be so used. The evidence shows that the premises were rented for lodging rooms, and for no other purpose.

It is true that the evidence shows that gambling did actually take place on the premises, but this is very far from proving that the accused rented them for any such purpose. It is also true that the appellant was informed that there was probably some gambling in the rooms, but it is equally true that, immediately upon receipt of this information, the appellant went to his tenant, reminded him of his contract,

notified him that he must not permit any gambling, and that, if he did, he would be at once ejected.

We reverse the judgment below, not because of a conflict in the evidence, but because there is an entire failure of proof upon one of the most material points in the case.

Judgment reversed.