No. 487.

## FISHER v. THE STATE.

CRIMINAL LAW.—*Information.*—*Sufficiency of.*—*Immaterial Informality.*—The second count of an information which begins with the statement that, "Frank Barnett (prosecuting witness) further swears," is not so defective that a motion to quash it should have been sustained. These words do not necessarily mean that the information was not the official statement of the prosecuting attorney. The words used, at most, amount to a mere informality, and could not have possibly injured the defendant.

SAME.—*Gaming.*—*Renting House to be Used for.*—*Information.*—*Sufficiency of.* —A count in an information charging the defendant with renting a house to be used and occupied for gaming, is sufficient if it follows the language of the statute defining the offence. The name of the person to whom the room in question was rented by the defendant, need not be averred.

SAME.—*Instruction to Jury.*—*Section 2079, R. S. 1881.*—In a prosecution by information in two counts, the first of which charges the defendant with keeping a gaming-house, and the second of which charges the defendant with renting a house to be used and occupied for gaming, an instruction to the jury correctly states the law, which says that the jury should find the defendant guilty if satisfied beyond a reasonable doubt "that the defendant, at the time and place mentioned in the information, did unlawfully keep the room mentioned in said information for gaming, or rent said room to others to be used and occupied for gam-

ing." The instruction is in substantial accord with section 2079, R. S. 1881, upon which the information was based. It was not necessary that the jury should have found that the defendant knowingly permitted the building or rooms to be occupied for gaming, or that he rented the building or room to others to be used for gaming, and it was so used, before a conviction could follow.

SAME.—*Instruction to Jury.— When Acquittal Should be Had.—Reasonable Doubt.*—The following instruction was given in a criminal case: "The defendant is presumed to be innocent of all offences charged in the information, until the contrary is proved. If you have a reasonable doubt whether his guilt has been so proved, it is your duty to acquit him."

*Held,* that the instruction stated correctly the principle of law contained in it.

INSTRUCTION TO JURY.—*Refusal to Give.— When not Considered on Appeal.*— The alleged error of the court in refusing to give certain instructions will not be considered on appeal where the refusal of the court is not set forth as one of the grounds in the motion for a new trial.

From the Hamilton Circuit Court.

*A. F. Shirts* and *J. A. Kilbourne,* for appellant.

*A. G. Smith,* Attorney General, *S. D. Stuart,* Prosecuting Attorney, and *J. F. Neal,* for the State.

ROBINSON, J.—The affidavit and information in this case contain two counts. The first count charges the appellant with keeping a gaming-house.

The second count charges the appellant with renting a house to be used and occupied for gaming.

The appellant moved to quash the affidavit and each count in the information, which was overruled and exception taken.

The case was tried by a jury, resulting in a verdict finding the appellant guilty and assessing his fine at one hundred and fifty dollars. After judgment was rendered on the verdict of the jury, the appellant filed a motion for a new trial, which was overruled and exception taken.

The appellant discusses, in this court, the alleged error of the circuit court in overruling his motion to quash the second count of the affidavit and the second count of the information, and in overruling his motion for a new trial.

The affidavit was made by Frank Barnett. The second count reads as follows, to wit:

"Second Count. Frank Barnett further swears that William A. Fisher, on the 10th day of March, 1889, at the county of Hamilton and State of Indiana, and from that day to the making of this presentment, did unlawfully rent the room on the second floor in the east end of the two-story brick building situated on the north half of lot numbered six, in square numbered eleven, in the city of Noblesville, Indiana, to be used and occupied for gaming, he, the said William A. Fisher, then and there being the owner of said room, contrary to the forms of the statute," etc.

The second count in the information begins with the statement: "Frank Barnett further swears," etc., and then charges the appellant with renting a room in his house to be used and occupied for gaming, in the language of the second count of the affidavit, and concludes as follows: "As Frank Barnett has complained on oath, whose affidavit is herewith filed, contrary to the form of the statute, etc. Therefore, the prosecuting attorney prays the consideration of said court in the premises, and that a warrant be issued for the arrest of said William A Fisher, and that he be required to answer in the premises.

"S. D. STUART, Prosecuting Attorney."

It is contended by counsel for the appellant that the motion to quash the second count in the information should have been sustained because of the statement in the beginning of this count: "Frank Barnett further swears," etc.; These words do not necessarily mean that the information was not the official statement of the prosecuting attorney. The information, omitting the caption, commences as follows: "S. D. Stuart, prosecuting attorney," etc., "now gives the Hamilton Circuit Court to understand and be informed that William A. Fisher," etc., and concludes as heretofore shown. This objection, at most, amounts to a mere informality, and could not have possibly injured the appel-

lant. Under section 1756, R. S. 1881, it is provided, among other things, that no indictment, or information, shall be quashed "For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The informality in this count in the information could not have tended to the prejudice of the substantial rights of the defendant upon the merits. *Billings* v. *State*, 107 Ind. 54.

It is also claimed by counsel for the appellant that the second count in the information was insufficient, because it did not allege the name of the person to whom the room in question was rented by the appellant. The offence is charged in the language of the statute, and that is sufficient. *Eastman* v. *State*, 109 Ind. 278 ; *State* v. *Miller*, 98 Ind. 70. There was no error in overruling the motion to quash.

Under the causes assigned in the motion for a new trial counsel for appellant contend that the court erred in refusing to give instruction numbered three asked by appellant, and in giving instruction numbered two of its own motion.

Instruction numbered three asked by the defendant, and refused by the court, reads as follows, to wit : "Third. Before the State can recover, or the defendant can be convicted, the State must prove, beyond a reasonable doubt, that gaming of some kind was permitted to be carried on in the room mentioned by the defendant, whereby money or something of value was lost or won, or that the defendant rented the room to others to be so used, and with his knowledge and consent was so used." In lieu of this instruction the court gave the following, to wit : "Fifth. If, after you shall have considered and weighed all the evidence, facts and circumstances adduced upon the trial, you find the State has proven to the satisfaction of each one of you beyond a reasonable doubt, that the defendant, at the time and place mentioned in the information, did unlawfully keep the room mentioned in said information for gaming, or rent said room to others

to be used and occupied for gaming, you should find the defendant guilty as charged."

The instruction given by the court was in substantial accord with section 2079, R. S. 1881, upon which the information in this case was based. It clearly states the law in relation to rooms, or other places therein mentioned, rented to be used and occupied for gaming ; and the statement in the instruction that if the jury found that the defendant did, at the time mentioned in the information, unlawfully keep the room mentioned in said information for gaming is fully sustained by the statute which provides that whoever keeps a building, room, etc., to be used or occupied for gaming shall be fined, etc.

The point that is made by the counsel for the appellant, that the court should have instructed the jury that the appellant should have knowingly permitted the building or room to be occupied for gaming, or that appellant rented the building or room to others to be used for gaming, and it was so used, was not applicable to this case. In this case the appellant was charged with keeping a gaming-house, and with renting a house to be used and occupied for gaming. The question was, whether the appellant had kept such gaming-house, or had rented his house or room to be used or occupied for gaming, and not whether the appellant knowingly permitted his building or room to be occupied for gaming.

The second instruction given the jury by the court, on its own motion, reads as follows, to wit: "Second. The defendant is presumed to be innocent of all offences charged in the information until the contrary is proved. If you have a reasonable doubt whether his guilt has been so proved it is your duty to acquit him."

The appellant assails this instruction without assigning any valid reason why it was erroneous. There can be no

doubt of the correctness of the instruction as a declaration of the principle of law contained in it.

Counsel for appellant argue error of the court in giving and refusing other instructions, but in the motion for a new trial complaint is made only of the refusal of the court to give the third instruction asked by the appellant, and to the giving by the court of the second instruction, on its own motion. We can not, therefore, consider further objections as to instructions given and refused.

The instructions when considered as an entirety sufficiently and fairly state the law applicable to the case. There was no error committed by the court in giving or refusing the instructions complained of.

The final contention of the counsel for the appellant is, that the verdict of the jury was not sustained by sufficient evidence. We have carefully read all the evidence given in the cause, and while it is not our duty to weigh the evidence or to determine the preponderance, or the question as to whether appellant was guilty beyond a reasonable doubt, it appears from the record that the evidence was sufficient to sustain the verdict returned by the jury.

Judgment affirmed, with costs.

Filed Sept. 29, 1891.