Filed October 30, 1895.

No. 1,764.

EMPERLY v. STATE OF INDIANA.

CRIMINAL LAW.—*Gaming House.—Indictment.—Time, When Not Essence of Offense.*—Time is not of the essence of the offense of keeping a building to be used or occupied for gaming, and the indict-

ment will not be insufficient, if the time of the offence be imper-
fectly stated.

SAME. — *Gaming House.* — *Indictment.* — *Knowledge.* — "*Knowingly
Permitting,*" *Etc.*—An indictment in such case is insufficient, as
being based upon the second clause of section 2173, R. S. 1894, to
wit :  "knowingly permits the same to be used or occupied for
gaming," where knowledge, by the defendant, of such offence is
not averred.

SAME.—*Instruction.*—*Offence Not Sufficiently Charged.*—*Prejudicial
Error.*—If the court charge the jury to convict upon proof of guilt
under an insufficient charge of the offence in the indictment, it is
prejudicial error.

From the Montgomery Circuit Court.

*Clodfelter & Thompson*, for State.

*W. A. Ketcham*, Attorney-General, *D. Kennedy*,
Prosecuting Attorney, and *S. H. Spooner*, for appellee.

GAVIN, J.—The appellee was convicted of keeping a
house to be used for gaming.    The offense was charged
to have been committed on the —th day of January,
1895.

Under common law rules it was requisite that in
charging a crime, a day, month and year be specifically
averred.    This was held to be the law under the code of
1852, although it was not required that the proof should
conform to the allegation.    *Clark* v. *State*, 34 Ind. 436 ;
2 Gavin & Hord, 402, section 56.

By the revision of the criminal code in 1881, however,
the law was still further removed from old-time techni-
calities ; it being provided that no indictment should be
deemed invalid nor quashed for the following, among
other reasons :  "Eighth, for omitting to state the time at
which the offense was committed in any case in which
time is not of the essence of the offense, nor for stating
the time imperfectly unless time is of the essence of the
offense."

This statute has been given full force by the court. The affidavit is not therefore bad for want of definitely stating the time, that not being of the essence of the offense. *State* v. *Sammons,* 95 Ind. 22 ; *Myers* v. *State,* 121 Ind. 15.

The statute upon which this prosecution is based, section 2173, R. S. 1894, prescribes in the same section the same penalty against him who keeps a building to be used or occupied for gaming; or knowingly permits the same to be used or occupied for gaming, or whoever being the owner rents it for such purpose. Three offenses are thus embraced in the various clauses of this section. *Davis* v. *State,* 100 Ind. 154.

An attempt has been made to charge in the affidavit facts bringing the defendant within both of the first two clauses. His guilt under the first, keeping a building to be used or occupied for gaming, is sufficiently charged in the language of the statute. *Fisher* v. *State,* 2 Ind. App. 365. The averments are not, however, in the language of the second clause, nor do they cover the essential facts therein specified.

Under this second subdivision, knowledge is an essential ingredient of the offense. It is now made so by the letter of the statute into which the word ''knowingly'' was inserted by the revision of 1881. Being thus in the statute, we must regard it as material to the affidavit. 1 Bish. New Crim. Proced. section 522, subd. 4.

Even under the former statute which omitted the word knowingly, proof of knowledge was held to be an essential requisite upon the trial. *Padgett* v. *State,* 68 Ind. 46 ; *Barnaby* v. *State,* 106 Ind. 539.

This knowledge was of course provable, like any other fact, by either direct or circumstantial evidence. *Rodifer* v. *State,* 74 Ind. 21 ; *Morgan* v. *State,* 117 Ind. 569 ; *Voght* v. *State,* 124 Ind. 358.

The court, in its charges, authorized the jury to convict upon proof going to establish his guilt under the second subdivision, for permitting the house to be used for gaming.

In this there was error, as that offense was not properly charged, and the appellant was not on trial therefor. We cannot under well established rules say that this error was harmless in the face of the defendant's positive denial of his guilt. He was entitled to go to the jury upon the one charge made against him, and was not called upon to meet that which was insufficiently alleged.

Judgment reversed, with instructions to sustain the motion for new trial.

