## THE STATE *v.* NEW.

[No. 5,924.   Filed November 16, 1905.]

1. CRIMINAL LAW.—*Horse-Racing.*—Section 2280 Burns 1901, §2159 R. S. 1881, defines two offenses: (1) Knowingly suffering one's horse to run in a race upon a public highway, and (2) acting as a rider in a horse-race upon a public highway. p. 522.

2. INDICTMENT AND INFORMATION. — *Following Language of Statute.*—An indictment following the language defining the crime charged is sufficient. p. 522.

3. SAME.—*Horse-Racing.*—An indictment charging that defendant did in 1905, in Hancock county, Indiana, "unlawfully act as a rider in a certain horse-race on the public highway, then and there situate," is sufficient. *Myers* v. *State*, 1 Ind. 251, questioned. p. 523.

4. APPEAL AND ERROR.—*Erroneous Ruling Precedent.*—*Transfer.*—Where the Appellate Court deems a ruling precedent erroneous, the cause will be transferred to the Supreme Court. p. 523.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Prosecution by the State of Indiana against Thomas H. New. From a judgment quashing the indictment, the State appeals. *Transferred to the Supreme Court.* (See 165 Ind. 571.)

*Charles W. Miller,* Attorney-General, *Charles L. Tindall,* Prosecuting Attorney, and *W. C. Geake,* for the State.
*William A. Hough,* for appellee.

Roby, J.—This proceeding was instituted before the mayor of the city of Greenfield, a trial and conviction following, from which judgment the appellee appealed to the circuit court, where he made a motion to quash the affidavit for want of facts. This motion was sustained, and the State appeals. The affidavit, omitting formal parts, is as follows: "On or about the —— day of February, in the year 1905, at the county of Hancock and State of Indiana, one Thomas H. New, late of said county, did then and there unlawfully act as a rider in a certain horse-race on the public highway, then and there situate, contrary," etc.

The statute on which the affidavit was based (§2280 Burns 1901, §2159 R. S. 1881) is as follows: "Whoever knowingly suffers his horse, mare, or gelding to be

1. run in a horse-race along any public highway in this State; and whoever acts as a rider in any such race, on being convicted, shall be fined," etc. The affidavit follows the language of the statute, which defines the offense. For the owner of the horse knowingly to suffer it to run in a race on a public highway is one offense, and to act as a rider in a horse-race run on said highway is a separate and distinct one. *State v. Ness* (1848), 1 Ind. 64; *Robb v. State* (1875), 52 Ind. 216.

The affidavit, following the language of the statute, charges appellee with unlawfully acting as a rider in a

2. certain horse-race on a public highway situate in Hancock county, at the time stated. It is sufficient, where the offense is defined by statute, to follow the language of the statute in the indictment. *State v. Smith* (1893), 7 Ind. App. 166 (trespass upon land); *State v. Allen* (1895), 12 Ind. App. 528 (selling liquor to a minor); *Howell v. State* (1892), 4 Ind. App. 148 (selling liquor to be drunk on premises); *Lay v. State* (1895), 12 Ind. App. 362 (desecrating cemetery); *State v. Beach* (1897), 147 Ind. 74, 36 L. R. A. 179 (fraudulently re-

ceiving deposits) ; *Ritter* v. *State* (1887), 111 Ind. 324 (embezzlement by employe). No reason is known for making an exception to the general rule, where the offense charged is based upon §2280, *supra.*

The time is sufficiently stated. §1807 Burns 1901, §1738 R. S. 1881. The description of the highway as being then and there situated in Hancock county is also sufficient. *Keith* v. *State* (1883), 90 Ind. 89; *State* v. *Burgett* (1849), 1 Ind. 479; *State* v. *Armstrong* (1851), 3 Ind. 139. Minor circumstances, which are not vital elements of the offense, do not need to be set out in an indictment. *State* v. *Allen, supra; Fisher* v. *State* (1891), 2 Ind. App. 365; *State* v. *Hogreiver* (1899), 152 Ind. 652, 45 L. R. A. 504; *Pemberton* v. *State* (1882), 85 Ind. 507.

The action of the lower court was evidently based upon the decision in *Myers* v. *State* (1848), 1 Ind. 251. The Attorney-General seeks to differentiate that case from the one at bar by the fact that the statute then in force was not identical with §2280, *supra.* The act of 1843 was in terms as follows: "Any person who shall knowingly suffer his horse, mare or gelding, to be run in what is commonly called a 'horse-race,' along any public highway in this State, and any person who shall act as rider in any such race so run as aforesaid, on being duly convicted thereof on presentment or indictment, shall be fined in any sum not less than $5 and not more than $50."

While there is some slight difference in the phraseology, the two statutes are analogous in substance. *Myers* v. *State, supra,* was evidently decided without taking into account the rules heretofore stated. We regard it, however, as authoritative, and for that reason this case is transferred to the Supreme Court, with the recommendation that *Myers* v. *State, supra,* be overruled, and the judgment herein reversed.