## STATE v. NEW.

[No. 20,654. Filed December 5, 1905.]

165 571
f170 128

165 571
c171 6

1. APPEAL AND ERROR.—*Erroneous Ruling Precedent.—Transfer.* —Where the Appellate Court thinks that a ruling precedent of the Supreme Court is erroneous, the cause will be transferred to such court with a recommendation to overrule such precedent. p. 572.

State v. New—165 Ind. 571.

2. INDICTMENT AND INFORMATION.—*Charging in Language of Statute.*—An indictment charging a criminal offense in the language of the statute is sufficient.   p. 573.

3. STATUTES. — *Separate Offenses.* — *Horse-Racing.* — *Criminal Law.*—Section 2280 Burns 1901, §2159 R. S. 1881, creates two offenses:   (1) Knowingly suffering one's horse, mare or gelding to be run in a horse-race on a public highway, and (2) acting as rider in a horse-race on a public highway.   p. 573.

4. INDICTMENT AND INFORMATION. — *Criminal Law.* — *Horse-Racing.*—*Venue.*—An indictment charging that defendant at H. county "did then and there unlawfully act as a rider in a certain horse-race along the public highway then and there situate" sufficiently shows such highway to be in H. county, and being in the language of the statute (§2280 Burns 1901, §2159 R. S. 1881), is sufficiently specific.   *Myers* v. *State*, 1 Ind. 251, overruled.   p. 574.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Prosecution by the State of Indiana against Thomas H. New.   From a judgment quashing the affidavit, the State appeals.   Transferred from Appellate Court (see *State* v. *New*, 36 Ind. App. 521) under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10.   *Reversed.*

*Charles W. Miller,* Attorney-General, *Charles L. Tindall,* Prosecuting Attorney, and *W. C. Geake,* for the State.

*William A. Hough,* for appellee.

HADLEY, J.—Section 2280 Burns 1901, §2159 R. S. 1881, reads thus: "Whoever knowingly suffers his horse, mare, or gelding to be run in a horse-race along any public highway in this State; and whoever acts as a rider in any such race, on being convicted, shall be fined not more than $50 nor less than $5."

Under the statute appellee was convicted by the mayor of Greenfield upon an affidavit charging that said Thomas H. New on the — day of February, 1905, at Hancock county, Indiana, did then and there unlawfully act as a rider in a certain horse-race along the public highway then and there situate.   From the judgment of con-

viction appellee appealed to the circuit court, where he successfully moved to quash the affidavit. The State appealed to the Appellate Court, which latter court, having considered the appeal, certified the case to this court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10 (*State* v. *New* [1905], 36 Ind. App. 521) with a recommendation that we overrule the decision in *Myers* v. *State* (1848), 1 Ind. 251.

In that case this court held that an indictment charging a similar offense in substantially the same words "was too loose and vague to be considered sufficient." It was said by this court, in *State* v. *Bougher* (1833), 3 Blackf. 307, that "No rule is better settled than that which regards as sufficient in an indictment, the averment of an offense in the language of a statute." The substance of the rule here mentioned has since been reaffirmed by this court a great many times. See collection of cases in note to Gillett, Crim. Law (2d ed.), §132a. See, also, *State* v. *Beach* (1897), 147 Ind. 74, 36 L. R. A. 179; *State* v. *Darlington* (1899), 153 Ind. 1; *Johns* v. *State* (1902), 159 Ind. 413. In the latter case it is said: "If a criminal statute provides a definition of an offense, and states specifically what acts constitute it, it will suffice to charge the offense in the language of the statute."

The statute now in force (§2280, *supra*) is in substance a reënactment of the statute of 1843 (R. S. 1843, p. 982, §103), under which *Myers* v. *State, supra,* was decided, and, it will be observed, clearly defines two offenses: (1) Knowingly suffering one's "horse, mare, or gelding to be run in a horse-race on any public highway;" and (2) acting "as a rider in a horse-race on a public highway." *State* v. *Ness* (1848), 1 Ind. 64; *Robb* v. *State* (1875), 52 Ind. 216.

The affidavit under consideration follows the language of the statute defining the particular offense, to wit, "did

then and there unlawfully act as a rider in a certain horse-race along the public highway then and there situate." The description of the highway as being then and there in Hancock county is sufficient. *Keith* v. *State* (1883), 90 Ind. 89; *State* v. *Burgett* (1849), 1 Ind. 479.

None of the exceptions noticed in *Johns* v. *State, supra,* apply here, and we perceive no reason why the case is not fully within the general rule.

The opinion in *Myers* v. *State, supra,* is expressed in three lines, and may have been inadvertently pronounced, or there may have been other averments in the indictment, not mentioned, that removed the case from the operation of the general rule under review. However it may be, the opinion therein expressed can not be accepted as authority in a case like the one before us, and, so far as it may be regarded as declaring the law contrary to that herein expressed, the same is overruled in accordance with the recommendation of the Appellate Court.

For reasons already stated the judgment in this case is reversed, and cause remanded, with instructions to overrule the motion to quash the affidavit, and for further proceedings not inconsistent with this opinion.