May Term, 1837.

THE STATE
v.
M'CLURE.

---

## THE STATE v. M'CLURE.

The disinterment of a corpse is indictable, if it be done without either the consent of the deceased given in his life-time, or of his near relations given subsequently to his death.
The indictment, in such case, need not allege the disinterment to be unlawful.

Tuesday,
August 22.

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—Indictment for disinterring a corpse. The indictment charges that the defendant, on, &c., at, &c., did

then and there remove the dead body and corpse of one *Polly White*, from interment in a public burying ground, in which she had been then and there interred, without having obtained the consent therefor of the said *Polly* in her life-time, nor of her near relations since her death, contrary to the form of the statute, &c.

May Term, 1837.

This indictment, on the defendant's motion, was quashed.

The defendant contends, that the indictment should have averred that the disinterment was without the consent of the near relations of the deceased, given *before* her death; but the objection is without foundation. We consider the disinterment to be indictable, if it was done without the consent of the deceased given in her life-time, or of her near relatives given *subsequently* to her death. Rev. Code, 1831, p. 188 (1).

The defendant further contends, that the indictment should have alleged the disinterment to be unlawful; but the term "unlawful" is not used in the statute, and there could be no reason for inserting it in the indictment. 1 Chitt. Crim. Law, 241.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Quarles*, for the state.
*J. Morrison*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 213.