Sullivan, J.
Indictment for neglecting to keep a public highway in repair. The indictment charges that the defendant, at, Ac., was the supervisor of 'the public roads and highways in road district numbered one, in the township of Washington and county of Owen; that the defendant as such supervisor, then, and during all the time aforesaid, did unlawfully and ‘llfully fail, neglect, and refuse to keep the said road and hways situate, &c., in as good repair as the available labour other means, &c., would enable him to do; but, on the trary, willfully suffered, permitted and allowed that paid of said road running from Spencer, in said county, in tht direction of Gosport, in said county, then and there during al1 the time aforesaid situate in said road district, to be obstructed *371 &c., so that the same was unsafe, &c. On motion of the defendant, the Court quashed the indictment.
II. O’Neal and J. S. Watts, for the State.
C. P. Hester and B. Champer, for the defendant.
In defense of the judgment of the Circuit Court, it is contended that the indictment is defective, because it do.es not describe, with sufficient certainty, the road alleged to be out of repair, nor show what particular part of it was obstructed.
Ve do not think either objection tenable. It is shown that the road out of repair lies within the district of the defendant, and that it is a public road leading from Spencer in the direction of. Gosport. In this respect it is like the indictment in Rex v. The Inhabitants of Upton, 6 Carr. & Payne, 133, to which no exceptions was taken on account of the description. The terminus ad quern was not given, but the indictment was not faulty on that account. It is not necessary in any case, it is said, to .state the termini of the road in ’^question. 2 Saund., 158, note 6. In the case cited, the indictment was quashed because it did not appear with sufficient certainty that the part of the road out of repair was in the parish that was indicted. That objection does not lie against the indictment in this case. The road, and that part of it said to be obstructed, are, with sufficient precision, shown to be within the district of which the defendant was supervisor.
The remaining objection, that the indictment does not show with certainty that the defendant had the means of keeping the road in repair, &c., can not avail him on a motion to quash. That is a matter of defense to be made at the trial, as was decided by this Court in Tate v. The State, 5 Blackf., 73.
Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.