THE STATE v. ALSOP.

A count in an indictment founded on s. 100, c. 53, R. S. 1843, alleged that the defendant " did then and there suffer his house, building, room, arbor, booth, shed, and tenement, to be used and occupied for gaming." *Held*, that the count was not liable to objection for duplicity.

May Term,
1853.

THE STATE
v.
ALSOP.

It was alleged in the second count that the defendant, "at and in the county aforesaid, did then and there knowingly keep, and suffer his house," &c., "to be used," &c. The venue, *Posey* county, had been distinctly stated in the introduction to the indictment. *Held*, that it sufficiently appeared in both counts, that the house, &c., were situate in that county.

Saturday,
May 28.

ERROR to the *Posey* Circuit Court.

ROACHE, J.—Indictment against *Alsop*, founded on s. 100, c. 53, R. S. 1843, containing two counts. Motion to quash both counts sustained by the Circuit Court.

It is objected to the first count that it charges several offences, and is bad for duplicity. This count, following the language of the statute, alleges that the defendant "did then and there suffer his house, building, room, arbor, booth, shed, *and* tenement, to be used and occupied for gaming." If the charge in the indictment had been in the disjunctive, it would, perhaps, have been bad for uncertainty; but according to the authorities, the form of the allegation in this indictment is sufficiently certain, and is not liable to the objection of duplicity. See *The State* v. *Staker*, decided at the last term (1). See, also, *Dormer* v. *The State*, 2 Ind. R. 308.—*The State* v. *Slocum*, 8 Blackf. 315, and note 1.—*Commonwealth* v. *Eaton*, 15 Pick. 273.

It is objected to both counts that the venue is not sufficiently laid. The charge in the first is set out above. In the second count it is alleged that the defendant, "at and in the county aforesaid, did then and there knowingly keep and suffer his house," &c., "to be used," &c.

The offence created by the statute, is the keeping and suffering a house to be used for gaming. The charge in both counts is, that he kept and suffered his house, &c., to be used for gaming, then and *there*, distinctly referring to the venue already laid, *Posey* county. It is insisted that it should have been formally stated that the house was situate in *Posey* county; but the offence created and defined by the statute is very sufficiently described by the allegation that the defendant *kept* the house to be used for gaming, in that county.

The motion to quash should have been overruled. See *The State* v. *Slocum*, and *The State* v. *Staker*, *supra*.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. L. Robinson*, for the state.

*J. Pitcher*, for the defendant.

(1) 3 Ind. R. 570.