May Term, 1860.

MALONE
v.
THE STATE.

---

## MALONE *v.* THE STATE.

"*Posey* Common Pleas Court, *June* term, A. D. 1859. *State of Indiana* v. *Thomas J. Malone.* Usury. The state of *Indiana* by *William P. Edson,* district prosecuting attorney of the Court of Common Pleas, for the district composed of the counties of *Posey* and *Gibson,* here gives the Court to understand and be informed that, on the 8th day of *December,* 1857, at and in said county of *Posey, Thomas J. Malone* did then and there unlawfully bargain for, exact, reserve and receive from *Sharp Wilkins,* the sum of 90 dollars, for the loan, use and forbearance of 600 dollars, lent by said *Thomas J.*

May Term,
1860.

MALONE
v.
THE STATE.

*Malone* to him, said *Sharp Wilkins*, from the 8th day of *December*, A. D. 1857, to the 8th day of *December*, A. D. 1858, which said sum of 90 dollars so as aforesaid bargained for, exacted, reserved and received, exceeds the rate of 6 dollars for the use and forbearance of 100 dollars for one year, in a large sum, to-wit, 54 dollars, and is more than at that time was allowed by law; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of *Indiana*. *William P. Edson*, District Att'y Prosecutor.

*Held*, 1. That defect of title is not ground of quashal.

2. That the signature is proper.

3. That the venue is sufficient.

4. That the information is substantially in the language of the statute, which is sufficient.

*It seems* that where the statute defines the offense generally, and designates the particular acts constituting it, the language of the statute may be substantially followed in charging the crime; but where the particular acts are not designated, the act done must be set out.

Friday,
June 1.

APPEAL from the *Posey* Court of Common Pleas.

PERKINS, J.—Information for usury. The information reads as follows:

" *Posey* Common Pleas Court, *June* term, A. D. 1859.

" *State of Indiana* v. *Thomas J. Malone*. Usury.

" The state of *Indiana* by *William P. Edson*, district prosecuting attorney of the Court of Common Pleas, for the district composed of the counties of *Posey* and *Gibson*, here gives the Court to understand and be informed that, on the 8th day of *December*, 1857, at and in said county of *Posey*, *Thomas J. Malone* did then and there unlawfully bargain for, exact, reserve and receive from *Sharp Wilkins*, the sum of 90 dollars, for the loan, use and forbearance of 600 dollars, lent by the said *Thomas J. Malone* to him, said *Sharp Wilkins*, from the 8th day of *December*, A. D. 1857, until the 8th day of *December*, A. D. 1858, which said sum of 90 dollars, so as aforesaid bargained for, exacted, reserved and received, exceeds the rate of 6 dollars for the use and forbearance of 100 dollars for one year, in a large sum, to-wit, 54 dollars, and is more than at that time was allowed by law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of *Indiana*." *William P. Edson*,

" District Att'y Prosecutor."

The defendant was tried and convicted upon this information.

It is insisted that the information is bad.    Defect in title is not ground of quashal.    Ind. Pr. 43.

The information is properly enough signed.    The name of the proper officer is attached to it.    The official name of that officer is district attorney; but, in duty, he is a prosecuting attorney.    The statutes, in speaking of him, frequently confound his official title with that indicative of his duty.    The term, district prosecuting attorney, combines both, but it is not important that either should be appended to the name of the officer when he signs an information.    Both do no harm.    The Court judicially knows its prosecuting officer.

There is a sufficient venue.    Ind. Pr., p. 42, and pp. 168, 169, 170.    The information is sufficiently certain as to the place where the usury was received.    The information was filed in the name of the state of *Indiana*, in the Common Pleas Court of *Posey* county, *Indiana*, by *William P. Edson*, whom the Court officially knew to be the district attorney for the counties of *Posey* and *Gibson*, in *Indiana*, and charged the offense, in the conclusion of the information, to have been committed against the statutes and peace of *Indiana;* and in the body of the information, to have been committed in the said county of *Posey*, for which said *Edson* was district attorney.    It appears to us that it was hardly possible for the defendant to mistake, or be in doubt about, the place where the offense was charged to have been committed.

The indictment is in the language, substantially, of the statute; and as, under our law, we are to look to the statute alone for the definition of offenses, it follows that, as a general rule, it will be sufficient in an indictment or information, to charge them in the language of the statute.    Ind. Pr. *supra*.    There are some exceptions to this rule; but it seems that an information for usury is not one of them; for an indictment for usury, in the language of the statute, was held good under former codes, where common-law rules governed.    Ind. Dig. p. 380.

May Term,
1860.

As an approximation to a test on this subject, perhaps it may be said that, where the statute defines the offense generally, and designates the particular acts constituting it, as, for example, the case of larceny, it is sufficient, in charging the crime, to follow substantially the language of the statute; but where the statute defines the crime generally, without naming the particular acts constituting it, as if a statute makes it a crime to encourage a slave to run away from his master, without defining the act which should be deemed to constitute encouragement, it might be necessary to set out the acts done, that it might appear to the Court that they constituted the offense.

The evidence is not of record, and no question is raised, except upon the information; and as that is sufficient, the judgment must be affirmed with costs.

*Per Curiam.*—The judgment is affirmed with costs. Cause remanded, &c.

*A. P. Hovey,* for the appellant.

*W. P. Edson,* for the state.

