THE STATE *v.* STEWART.

66  555
f169  125

CRIMINAL LAW.—*Indictment for Obstructing Highway.—Description.*—An indictment for obstructing a public highway should describe its location with more particularity than the mere allegation that it was situated in a certain township, county and state.

From the Allen Criminal Circuit Court.

*T. W. Woollen*, Attorney General, and *S. M. Hench*, Prosecuting Attorney, for the State.

*R. S. Robertson* and —— *Harper*, for appellee.

BIDDLE, J.—The appellee was indicted for obstructing a public highway, in the following words :

The grand jurors for the county of Allen and State of Indiana, upon their oath, charge and present that on the 10th day of April, A. D. 1879, Jacob Stewart, of said county of Allen and State aforesaid, unlawfully obstructed a certain public highway in Aboit township, in said county, by then and there erecting a fence across the said highway, and by then and there building and erecting said fence in said highway ; contrary," etc.

On motion of the appellee, the court quashed the indictment, and the State excepted.

The point made against the indictment is, that it does not sufficiently describe the highway ; and we think it is well taken. It is necessary to so describe the highway in an indictment for obstructing it, that it may be identified and distinguished from other highways in the same county. It is not sufficient to describe it as a certain highway "in said county," or "in —— township in said county." Such a description would put the accused on his defence for obstructing any highway in the county or township named. An indictment under the code of Indiana should contain all the substantial requirements of an indictment at the common law. The indictment before us, according to that standard, would not be good. *The King* v. *The Inhabitants of Gamlingay*, 3 T. R. 513 ; *Rex* v. *The Inhabitants of Upton-on-Severn*, 6 Car. & P. 133 ; *The State* v. *Harsh*, 6 Blackf. 346 ; *Mount* v. *The State*, 7 Ind. 654 ; *Sowle* v. *The State*, 11 Ind. 492 ; *Malone* v. *The State*, 14 Ind. 219 ; *The State* v. *Buxton*, 31 Ind. 67.

The judgment is affirmed.