Shinn *v.* The State.

## SHINN *v.* THE STATE.

CRIMINAL LAW.—*Assault with Intent to Kill.*—" *Feloniously* " *equivalent to* " *Unlawfully.*"—*Affidavit and Information.*—Where an assault with intent to kill is charged in an affidavit and information to have been made " feloniously," it is not necessary to allege that it was made " unlawfully," as the former word. in that connection, includes, and is the equivalent of, the latter.

SAME.—*Criminal Pleading* —It is sufficient to charge such offence in the language of the statute creating and defining it.

SAME.—*Jurisdictional Facts.*—Where the information for such a felony alleges that the defendant " is now in custody of the sheriff of said county to answer said charge, and the grand jury of said court and county is not now in session," it states jurisdictional facts sufficient to bring the case within the first clause of the act of March 29th, 1879, Acts 1879, p. 143, providing what felonies may be prosecuted by affidavit and information.

SAME.—*Instruction.*—*Supreme Court.*—*Practice.*—Where the evidence is not in the record, the Supreme Court can not hold erroneous an instruction which tells the jury, in a prosecution for assault with intent to kill, that the intent constitutes the gist of the crime, and that, "in determining the intent of the defendant to commit the felony, it is proper for you to consider the acts done, the words spoken and the instrument used by the defendant in making the assault. If a deadly weapon was used, the intent may be inferred by you."

SAME.—*Refusal to give Instruction.*—*Presumption.*—When the evidence is not in the record, the refusal of the court to give an instruction to the jury will be presumed to have been correct.

From the Madison Circuit Court.

*W. A. Kittinger, A. T. Harrison, W. R. Pierce, C. B. Gi-rard, H. D. Thompson* and *C. D. Thompson,* for appellant.

*T. W. Woollen,* Attorney General, *T. B. Orr,* Prosecuting Attorney, and *C. L. Henry,* for the State.

Niblack, J.—This was a criminal prosecution, by affidavit and information, against Robert Shinn, for an assault with intent to murder.

The substantial part of the affidavit, after naming the proper county and State, was as follows :

"Alfred Coburn, being duly sworn, on his oath, doth say, that Robert Shinn, on the twenty-fourth day of November, A. D. 1879, at said county and State, did feloniously attempt to commit a violent injury upon the person of John B. Kinnard, he, the said Robert Shinn, then and there having a present ability to commit said injury, by then and there feloniously, purposely and with premeditated malice, shooting at and against the said John B. Kinnard with a certain revolver, then and there loaded with gunpowder and leaden ball, which the said Robert Shinn then and there in his hand had and held, with intent then and there and thereby, him, the said John B. Kinnard, feloniously, purposely and with premeditated malice, to kill and murder."

The information followed the affidavit in its description of the offence charged in it, concluding with the additional allegation, "and the said Robert Shinn is now in custody of the sheriff of said county to answer said charge, and the grand jury of said court and county is not now in session."

The defendant moved the court to quash both the affidavit and information, but his motion was overruled. A jury found the defendant guilty, and he was adjudged to pay a fine of one dollar and sentenced to five years' imprisonment in the state-prison.

It is objected to both the affidavit and information, that it was not alleged in them that the assault charged was

"unlawfully" made. The assault was, however, charged to have been made "feloniously," and in that connection the word "feloniously" has been held to include, and hence to be the equivalent of, "unlawfully." *Greer* v. *The State*, 50 Ind. 267 ; *Sloan* v. *The State*, 42 Ind. 570.

It is also objected to both the affidavit and the information, that facts were not alleged showing the then present ability of the defendant to commit the offence charged. It is a general rule, too well established to require the citation of authorities to sustain it, that, in defining a criminal offence in an indictment or information, it is sufficient to follow the language of the statute creating the offence. The same rule applies, of course, to an affidavit upon which information is founded.

There are some exceptions to this rule, but we do not think the offence charged in the case before us comes within any of those exceptions. To avoid prolixity, general pleading is allowed in all cases where the subject comprehends a multiplicity of matter, and a great variety of facts. Moore Crim. Law, secs. 170, 171. The assault charged in this case was defined in substantial accordance with the language of the statute declaring the offence, and falls within that class of cases in which general pleading is allowed.

As to the information, it is further objected that it did not show, as a jurisdictional fact, that the defendant had not been indicted for the offence with which he was charged. The act of 1879, page 143, provides " That felonies may be prosecuted in the circuit and criminal courts by affidavit and information in the following cases :

" *First.* When any person is in custody on a charge of felony, and no grand jury is in session.

" *Second.* When an indictment has been found by the grand jury, and has been quashed.

" *Third.* When a cause has been appealed to the Supreme Court, and reversed on account of defects in the indictment." Acts 1879, p. 143, sec. 1.

The jurisdictional facts stated in the information appear to us to have brought the cause fairly within the first clause of the act set out as above, and to have been sufficient, therefore, to give the court jurisdiction to try the defendant upon the information. We are unable to see any material defect, either in the affidavit or information.

Upon the trial the court instructed the jury, amongst other things, that the intent constituted the gist of the crime charged, and that, " in determining the intent of the defendant to commit the felony, it is proper for you to consider the acts done, the words spoken and the instrument used by the defendant in making the assault. If a deadly weapon was used, the intent may be inferred by you."

The appellant urges two objections to this instruction :

1st. That it erroneously assumed that some offence had been committed ;

2d. That it improperly told the jury, that, if a deadly weapon was used, the intent might be inferred by them.

The evidence is not in the record ; hence we are unable to make any practical application of the instruction to the evidence. It may have been that upon the trial there was no controversy as to the fact that some offence had been committed, and that the evidence had gone to the jury upon that assumption. In such an event, the court was authorized to assume in its instructions that an offence of some kind had been committed. But we decide nothing as to what the instruction did or did not assume.

Again, cases have often arisen in which the jury were authorized to infer a guilty intent from the nature of the weapon used. Moore Crim. Law, secs. 18, 842. This may have been such a case. In the absence of the evidence, we can not assume that it was not.

We would not be justified, therefore, in holding that the instruction complained of was erroneously given.

Finally, the appellant insists that the court erred in refusing to give an instruction asked for by him on the trial. But that objection is also unavailing. It is a well recognized rule of decision in this court, that, where the evidence is not in the record, the refusal of the court to give an instruction to the jury will be presumed to have been correct. *Merrick* v. *The State*, 63 Ind. 327.

No sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.