Pemberton *et al. v.* The State.

No. 10,648.

PEMBERTON ET AL. *v.* THE STATE.

85 507
171 6

CRIMINAL LAW.—*Practice.—Motion for New Trial.*—The refusal of the court, in a criminal trial, to permit a witness to answer a question, presents no question on appeal, unless specified as a cause in the motion for a new trial.

SAME.—*Assignment of Error.*—It is not proper in a criminal (as well as civil) case, to assign error upon a cause for a new trial.

SAME.—*Indictment for Exhibiting Gambling Device.*—An indictment for exhibiting "a certain gambling device" need not give the particular name of the device.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin,* for appellants.

*F. T. Hord,* Attorney General, *C. W. Watkins,* Prosecuting Attorney, *W. B. Hord* and *W. VanDevanter,* for the State.

WOODS, C. J.—The appellants were convicted upon a charge of having unlawfully exhibited, to persons named, "for gain and to win money a certain gambling device," the name of which was to the grand jurors unknown.

Error is assigned upon the overruling of motions to quash and in arrest of judgment, and upon the exclusion of an answer to a question propounded in cross-examination to one of the witnesses for the State.

The last assignment presents no question. It should have been upon the overruling of the motion for a new trial. The cases are too numerous for citation, which hold that error assigned upon the overruling of a motion for a new trial brings in review all causes stated in the motion, if in other respects the proper steps have been taken, and that it is not proper to assign error upon a cause for new trial.

The objection made to the indictment is, that it does not state that the name of the device could not be ascertained, and that the device is not described, and no excuse stated for not describing it. We deem the excuse for not giving, in the in-

dictment, the name of the device sufficiently stated. *Brooster* v. *State*, 15 Ind. 190; *Moore* v. *State*, 65 Ind. 213.

We do not consider that it was necessary that a description of the particular device should have been given. The identity of the transaction was sufficiently determined by the alleged time and place and persons to whom the exhibition was made. If it was necessary to have given a description of the device, corresponding proof was also necessary; and so the question of the guilt or innocence of the appellants would have been made to turn, not upon the fact of guilt within the law defining the offence, but upon the accuracy of the indictment in reference to unimportant incidents. We can not sanction such a rule of practice.

Judgment affirmed.