The State *v.* Maddox.

---

## No. 10,583.

## THE STATE *v.* MADDOX.

CRIMINAL LAW.—*Pleading.*—In charging malicious trespass (R. S. 1881, sec. 1955), the acts charged need not be alleged to have been done "unlawfully."

From the Blackford Circuit Court.

The State *v.* Maddox.

*F. T. Hord,* Attorney General, *C. W. Watkins,* Prosecuting Attorney, and *J. Noonan,* for the State.

NIBLACK, J.—This was a criminal prosecution commenced before a justice of the peace upon an affidavit, the body of which was as follows:

" Sidney R. Patterson, upon his oath, says, that, on or about the 22d day of October, 1881, in the county of Blackford, in the State of Indiana, one James J. Maddox did then and there feloniously and maliciously injure, tear down and destroy a rail fence then and there the property of the said Sidney R. Patterson, to the damage of said property in the sum of $50."

The defendant was tried and convicted before the justice. He then appealed to the circuit court, where, upon his motion, the affidavit was quashed and he was discharged.

The State has appealed to this court, and assigned error upon the decision of the circuit court quashing the affidavit. We have no brief from the appellee, and hence no suggestion from him as to any defect in the affidavit; but counsel for the State inform us that the court sustained the motion to quash, because the affidavit did not state that the alleged injury to the fence was " unlawfully," as well as *maliciously,* inflicted.

The statute upon which this prosecution was based is as follows:

" Whoever maliciously or mischievously injures or causes to be injured any property of another or any public property is guilty of a malicious trespass, and, upon conviction thereof, shall be fined not more than twofold the value of the damage done, to which may be added imprisonment in the county jail for not more than twelve months." R. S. 1881, section 1955.

Chitty, in his work on Criminal Law, in referring to the class of offences to which the one charged in this case belongs, says: " The term, ' *unlawfully,*' which is frequently used in the description of the offence, is unnecessary, wherever the crime existed at common law, and is manifestly illegal. So it has been adjudged, that it need not be used in an indictment

for a riot, because the illegality is sufficiently apparent, without being expressly averred. But if a statute, in describing an offence which it creates, uses the word, the indictment founded on the act will be bad, if it be omitted; and it is, in general, best to insert it, especially as it precludes all *legal* cause of excuse for the crime." 1 Chitty Crim. Law, 241; 1 Bishop Crim. Procedure, section 503; Moore Crim. Law, section 168; *State* v. *McClure*, 4 Blackf. 328. Neither is it necessary to add the term "unlawfully" to the description of an alleged offence where enough is shown to make it manifestly illegal. 3 Chitty Crim. Law, 1042; *State* v. *Murphy*, 21 Ind. 441.

As to the affidavit before us, it may be said:

*First.* That the statute creating the offence, charged by it, does not use the term "unlawfully" in its description of the offence which it creates, and that, as the statutory description is quite complete without the use of that term, its omission from the affidavit was immaterial.

*Secondly.* That the language used in describing the offence made it sufficiently manifest that the injury charged was "unlawfully" inflicted.

It has been several times adjudged by this court that the term "feloniously," when used in the connection in which it is found in the affidavit in this case, is the equivalent of the word "unlawfully." Moore Crim. Law, section 167; *Greer* v. *State*, 50 Ind. 267 (19 Am. R. 709); *Shinn* v. *State*, 68 Ind. 423; *Hays* v. *State*, 77 Ind. 450.

In our opinion, therefore, the court erred in quashing the affidavit. *State* v. *Clevinger*, 14 Ind. 366; *State* v. *Williams*, 21 Ind. 206; *Payne* v. *State*, 74 Ind. 203.

The judgment is reversed, with costs, and the cause remanded for further proceedings.