## JOHNS ET AL. v. THE STATE.

[No. 19,827.  Filed November 18, 1902.]

CRIMINAL LAW.—*Pleading.*—Where a criminal statute provides a definition of an offense and states specifically what act constitutes it, it is sufficient to charge the offense in the language of the statute; but where the definition of the offense contains generic terms, it is not sufficient to allege the species of the crime, but the particulars thereof must be stated. *pp. 414, 415.*

SAME.—*Pleading.*—*Bunko-Steering.*—An information for bunko-steering, charging that defendants, by "duress and fraud," compelled another to lose and part with a large amount of money on a foot-race, is insufficient in failing to state the nature of the fraud and duress, though stated in the language of the statute defining the crime. *pp. 415-418.*

From Franklin Circuit Court; *F. S. Swift,* Judge.

John S. Johns and another were convicted of bunko-steering, and they appeal. *Reversed.*

*Reuben Conner, Lon Conner, J. B. Kidney, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellants.

*W. L. Taylor,* Attorney-General, *C. C. Hadley* and *Merrill Moores,* for State.

GILLETT, J.—The appellants, John S. Johns and John P. Haughn, appeal to this court from a judgment convicting them of a violation of §2178 Burns 1901. That statute is in the words following: "Whoever allures, entices, or persuades another to any place upon any pretense, and then, by duress or fraud, compels such person to win or lose or advance or loan money, or execute or give his note or other obligation either for money or anything of value, or to part with anything of value, upon any game or wager, or by means of any trick, device, or artifice,—is guilty of bunko-steering, and, upon conviction thereof, shall be imprisoned in the State prison not more than fourteen years nor less than two years; and all persons present at such place at such time, and engaged therein, shall be prosecuted, tried, and punished for such offense as principals."

Johns v. State.

The information, aside from the caption, is as follows: "George L. Gray, prosecuting attorney in and for the thirty-seventh judicial circuit of the State of Indiana, now gives the Franklin Circuit Court to understand and be informed that John P. Haughn, Albert H. King, John S. Johns, and J. C. Stillson, of said Franklin county, on the 1st day of June, 1901, at and in the county of Franklin, in the State of Indiana, did then and there unlawfully and feloniously allure, entice, and persuade one Edward W. Duvall to go to a certain place in said county, to wit, to the public highway extending southwardly from the Brookville and Whitcomb free gravel road through sections twenty-one and twenty, in township number nine, range two west, to the east fork of the Whitewater river, upon the pretense that two men, to wit, Perry Ballard and J. C. Stillson, would then and there run a foot-race for a wager of $1,700, and said John P. Haughn, Albert H. King, John S. Johns, and J. C. Stillson did then and there unlawfully and feloniously, by duress and fraud, compel the said Edward W. Duvall to lose and part with a large amount of money, to wit, the great sum of $1,700, upon a certain game, to wit, a foot-race between two men. That all of said defendants, to wit, John P. Haughn, Albert H. King, John S. Johns, and J. C. Stillson, were then and there present at said place and engaged in so compelling said Edward W. Duvall to so lose and part with said sum of money, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana, as Edward W. Duvall has complained on oath. [Signed] George L. Gray, prosecuting attorney."

The appellants moved to quash the information, but their motion was overruled, and they excepted. An assignment of error brings said ruling under review.

If a criminal statute provides a definition of an offense, and states specifically what acts constitute it, it will suffice to charge the offense in the language of the statute. *State*

v. *M'Roberts,* 4 Blackf. 178 ; *Malone* v. *State,* 14 Ind. 219 ; *Payne* v. *State,* 74 Ind. 203 ; *Howard* v. *State,* 87 Ind. 68. But where the definition of the offense contains generic terms, it is not sufficient to allege the species of the crime, but the pleader must descend to particulars. *Bowles* v. *State,* 13 Ind. 427 ; *Malone* v. *State, supra; State* v. *Bruner,* 111 Ind. 98 ; *United States* v. *Cruikshank,* 92 U. S. 542, 23 L. Ed. 588 ; *United States* v. *Carll,* 105 U. S. 611, 26 L. Ed. 1135 ; *Boyd* v. *Commonwealth,* 77 Va. 52 ; *State* v. *Graham,* 38 Ark. 519 ; *Burch* v. *Republic,* 1 Tex. 608 ; *Kerry* v. *State,* 17 Tex. App. 178, 50 Am. Rep. 122.

Serjeant Hawkins, in his Pleas of the Crown (8th ed.), Vol. 2, Chap. 25, §111, said : "Neither doth it seem to be always sufficient to pursue the very words of the statute, unless by so doing you fully, directly, and expressly allege the fact, in the doing or not doing whereof the offense consists, without the least uncertainty or ambiguity." In *United States* v. *Simmons,* 96 U. S. 360, 362, 24 L. Ed. 819, the Supreme Court of the United States stated the rule and the exception in the following language : "Where the offense is purely statutory, having no relation to the common law, it is, 'as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter.' 1 Bishop, Crim. Proc., §611, and authorities there cited. But to this general rule there is the qualification, fundamental in the law of criminal procedure, that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, to the end that he may prepare his defense, and plead the judgment as a bar to any subsequent prosecution for the same offense. An indictment not so framed is defective, although it may follow the language of the statute." In a later case the same court said : "A rule of criminal plead-

ing, which at one time obtained in some of the circuits, and perhaps received a qualified sanction from this court in *United States* v. *Mills,* 7 Pet. 138, 8 L. Ed. 636, that an indictment for a statutory misdemeanor is sufficient if the offense be charged in the words of the statute, must under more recent decisions, be limited to cases 'where the words of the statute themselves, as was said by this court in *United States* v. *Carll,* 105 U. S. 611, 612, 26 L. Ed. 1135, 'fully, directly, and expressly, without any uncertainty and ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" *Evans* v. *United States,* 153 U. S. 584, 587, 14 Sup. Ct. 934, 38 L. Ed. 830.

As evincing the position of this court upon the subject, both in its early history and quite recently, we quote the following from the opinion in the case of *State* v. *Darlington,* 153 Ind. 1, 2: "It is generally true, as a rule of criminal pleading, that, where the principal act or acts constituting the offense are clearly defined by the statute, it is sufficient to charge the offense in the language of the statute. But, as was said in *State* v. *Aydelott,* 7 Blackf. 157, 'this mode of setting out an offense is not always attended with the requisite certainty.'" In *Malone* v. *State,* 14 Ind. 219, 222, it was said: "As an approximation to a test on this subject, perhaps it may be said that, where the statute defines the offense generally, and designates the particular acts constituting it, as, for example, the case of larceny, it is sufficient, in charging the crime, to follow substantially the language of the statute; but where the statute defines the crime generally, without naming the particular acts constituting it, as if a statute makes it a crime to encourage a slave to run away from his master, without defining the act which should be deemed to constitute encouragement, it might be necessary to set out the acts done, that it might appear to the court that they constituted the offense."

There are some crimes defined by words of technical description, such as ravished, murdered, etc., where it is proper to use such words in a charge of the offense. *Stuckmyer* v. *State,* 29 Ind. 20; *Betts* v. *State,* 93 Ind. 375. It is also proper to describe an act as done feloniously, burglariously, etc. Acts may be charged to have been done with a certain state of mind, where that is an element in the definition of the crime. *State* v. *Miller,* 98 Ind. 70. Thus it has been held proper, in a prosecution under one of the embezzlement statutes, to charge that the act was fraudulently done. *State* v. *Beach,* 147 Ind. 74, 36 L. R. A. 179. But in such a case as the one last cited the use of the statutory term does not tend to make uncertain the offense sought to be charged. The defendant in such a case is sufficiently apprised by the charge of the character of evidence that will be offered against him, and the record sufficiently protects him against a subsequent jeopardy. There are cases also where, to avoid prolixity, a more general form of pleading is permissible; as, where combined acts constitute a single crime. *Shilling* v. *State,* 5 Ind. 443; *Shinn* v. *State,* 68 Ind. 423; *Parks* v. *State, ante,* 211.

The case at bar, however, does not fall within any of these classes. It is alleged that the prosecuting witness was compelled to lose and part with a specified amount of money upon a certain game "by duress and fraud." The element of duress or fraud is essential to the offense charged, but it is evident that they must consist of acts. Duress and fraud may take forms innumerable, and the presence of these words in the charge could but serve to admonish a person accused that such a case would be sought to be established against him, but they would not be at all calculated to advise him of the character of the evidence that he must expect to meet. In many civil cases pleadings have been condemned that attempted to aver duress or fraud in general terms. It seems unnecessary to gather the authorities upon

this proposition, but, as particularly covering it, we cite *Richardson* v. *Hittle,* 31 Ind. 119, 120, where it was said: "Fraud, duress, and coercion are alike made up of distinct facts, and all may vary greatly in their circumstances. It has been repeatedly ruled by this court, that an, answer setting up fraud must aver the facts, and that an answer averring fraud without stating the facts constituting it is bad on demurrer. There is no difference in principle, as to pleading, between fraud and coercion. Mr. Chitty, in his forms, states the facts which constitute duress. 3 Chitty, Pleading, 964 *et seq.* So are all the precedents." It can not be that a degree of uncertainty that would condemn a pleading in a civil case could be upheld in a criminal case, where liberty is involved. As declared by Mr. Bishop in 1 Crim. Proc. (4th ed.), §331: "The facts in allegation must be the primary and individualizing ones." As stated by Mr. Wharton: "The indictment must contain a specific description of the offense, it is not enough to state a mere conclusion of law." Wharton, Crim. Pl. & Pr. (9th ed.), §154. By the use of the words "fraud" and "duress" there was a grouping of matters of fact and the whole was cast into the form of a legal conclusion.

We need not go the length of stating that the prosecution was in denial of the constitutional right of the appellants to demand the nature and cause of the accusation against them, but we are entirely clear that the charge did not possess that degree of certainty which is requisite in criminal pleading, and for this reason, at least, the motion to quash should have been sustained.

The judgment as against appellants is reversed, with an instruction to the trial court to sustain their motion to quash, and for further proceedings. The clerk will make the proper order for the return of appellants.