THE STATE v. SOUTHERN INDIANA GAS COMPANY.

[No. 21,026. Filed October 15, 1907.]

1. INDICTMENT AND INFORMATION.—*Charging in Language of Statute.*—Where a statute specifically defines a crime, an indictment charging in the language thereof is sufficient; but where the crime is defined in general terms, the indictment must specifically state the elements of the offense. p. 126.

2. NUISANCE.—*Abatement.*—*Obstructing Highway.*—The obstructing of a public highway constitutes a nuisance which may be abated. p. 126.

3. PLEADING.—*Complaint. — Nuisance. — Abatement. — Obstructing Highway.*—A complaint for the abatement of a nuisance consisting of the obstruction of a public highway must identify such highway. p. 126.

4. INDICTMENT AND INFORMATION.—*Obstructing Highway.*—An indictment for obstructing a public highway charging that defendant, at said county, "did then and there unlawfully obstruct a certain public highway," is too indefinite. *State* v. *Buxton*, 31 Ind. 67, limited. p. 126.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Prosecution by the State of Indiana against the Southern Indiana Gas Company. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *Charles L. Tindall,* Prosecuting Attorney, *E. M. White, H. M. Dowling* and *A. G. Cavins,* for the State.

*J. E. Bell* and *S. A. Clinehens,* for appellee.

MONTGOMERY, J.—Appellee was charged with having obstructed a public highway, and upon its motion the court below quashed the indictment. The part of the charge in controversy was that appellee, in Hancock county, ''on the August day of —— A. D. 1906, did then and there unlawfully obstruct a certain public highway by then and there placing certain gas-pipes within the limits and upon said highway, and by suffering the same to remain piled up along and upon and within the limits of said public highway.''

The action of the court in sustaining appellee's motion to quash is assigned as error upon this appeal.

We are advised by appellant's brief that the indictment was quashed upon the ground that the highway alleged to have been obstructed was not sufficiently described; and it is contended that an indictment is sufficient, in this respect, which charges the highway to be a public one and within the jurisdiction of the court.

The case of *State* v. *Buxton* (1869), 31 Ind. 67, is cited and relied upon as sustaining the contention of the State. In that case the affidavit described the highway with particularity and certainty, and was held sufficient. The writer of the opinion then added: ''It was enough to charge that the obstruction was within the jurisdiction of the court.'' It is manifest that this statement was wholly unnecessary to the decision of the case, and *obiter dictum.*

In the case of *State* v. *Stewart* (1879), 66 Ind. 555, this court expressly held that ''it is necessary to describe the highway in an indictment for obstructing it, that it may be identified and distinguished from other highways in the same county.'' We are asked to overrule the case just cited,

as at variance with rules of criminal pleading now well established.

The expediency of simplified criminal pleadings is well understood by this court, and efforts toward the accomplishment of such ends have been welcomed and advanced so far as consistent with fundamental rights. Indictments in the language of the statute defining the crime have been held sufficient in a great number of cases. In the case of *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789, the rule of pleading is correctly stated to be that, if a criminal statute provides a definition of an offense and states specifically what acts constitute it, it will suffice to charge the offense in the language of the statute. But where the definition of the offense contains generic terms, it is not sufficient to allege the species of the crime, but the pleader must descend to particulars. The statute upon which this indictment was founded forbids in general terms the obstructing of any public highway.

An obstruction in a public highway constitutes a nuisance which the court may cause to be abated upon conviction of the offender. *Zimmerman* v. *State* (1892), 4 Ind. App. 583.

In the proceeding to abate a nuisance consisting of an obstruction in a public highway, such highway should be described or identified in the complaint or indictment. *American Furniture Co.* v. *Town of Batesville* (1894), 139 Ind. 77.

An indictment under the statute in question should, therefore, set out the facts constituting the crime, including a description of the highway, with such certainty as fairly to apprise the accused of what he is to meet, and, in case abatement be ordered, sufficient to enable the officer charged with the execution of such order to act understandingly.

The supreme court of Arkansas in a similar case declared the rule in the following terms: "Any general designation

or special description, by which the road can be definitely ascertained, will be sufficient; but a designation which leaves it uncertain which of many or several roads in the county is intended is not definite enough to sustain the charge.'' *State* v. *Withrow* (1886), 47 Ark. 551, 2 S. W. 184.   And see *State* v. *Lemay* (1853), 13 Ark. 405.

The supreme court of North Carolina announced the same conclusion in the following words: ''But there is, in our opinion, a fatal defect in the bill of indictment, in its vague and indefinite description of the road.   It is simply designated as 'a public road and common highway' in the county, not distinguished from the many others which traverse different parts of that territory.'' *State* v. *Crumpler* (1883), 88 N. C. 647.

We have examined many indictments appearing in the reports and approved by the courts of several states, all of which contain a fairly definite description of, or other means of identifying, the highway charged to have been obstructed. Among the cases so examined are the following: *State* v. *Day* (1876), 52 Ind. 483; *Nichols* v. *State* (1883), 89 Ind. 298; *Bybee* v. *State* (1884), 94 Ind. 443, 48 Am. Rep. 175; *State* v. *Baltimore, etc., R. Co.* (1889), 120 Ind. 298; *Richardson* v. *State* (1904), 46 Tex. Cr. 83, 79 S. W. 536; *Commonwealth* v. *American Tel., etc., Co.* (1905), (Ky.), 84 S. W. 519; *Commonwealth* v. *Dunivant* (1882), 3 Ky. Law 694; *Patton* v. *State* (1887), 50 Ark. 53, 6 S. W. 227; *State* v. *Smith* (1888), 100 N. C. 550, 6 S. E. 251; *Alexander* v. *State* (1849), 16 Ala. 661; *Commonwealth* v. *Hall* (1818), 15 Mass. 240; *State* v. *Town of Newfane* (1840), 12 Vt. 422; *Martin* v. *People* (1860), 23 Ill. 342; *State* v. *Pullen* (1891), 43 Mo. App. 620; *Territory* v. *Ashby* (1874), 2 Mont. 89.

It is our conclusion that an indictment for obstructing a highway, to be sufficient should describe such highway by name, or otherwise with such certainty as to indicate the

road intended. 2 McClain, Crim. Law, §1193; 20 Ency. Pl. and Pr., 925.

Other objections to the indictment in this case were urged, but it will not be necessary to consider the same, since the want of a sufficient description of the highway justified the court in sustaining the motion to quash.

The judgment is affirmed.