IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1908,
IN THE NINETY-SECOND AND NINETY-THIRD
YEARS OF THE STATE.

---

### THE STATE OF INDIANA v. BRIDGEWATER.

[No. 21,189. Filed October 6, 1908.]

1. INDICTMENT AND INFORMATION.—*Following Statute.—Visiting Gambling-House.*—An affidavit charging that defendant "at the county of Orange, in the State of Indiana, * * * being then and there a male person, did then and there unlawfully visit a certain gambling-house, then and there being kept for the purpose of gaming," being in the language of the statute (§2371 Burns 1908, Acts 1905, pp. 584, 693, §470), is sufficient, and it is not necessary to describe the particular house. p. 2.

2. SAME. — *Conclusions. — Description of Offense. — General.*—An affidavit charging mere conclusions of law is insufficient; and where the statute describing the offense is in generic terms, an affidavit in the language thereof is not sufficient, it being requisite that the offense shall be so distinctly charged that the defendant can tell what evidence will be admissible thereunder. p. 3.

3. SAME.—*Abatement of Nuisance.—Description of Premises.*— In a prosecution for the abatement of a nuisance, it is necessary for the State to describe the premises on which the nuisance is situated. p. 5.

4. SAME. — *Description. — Keeping Gambling Devices. — Racing upon Highways.*—In affidavits for keeping gambling devices, or running a horse upon the highway, it is not necessary to describe, except as to the county and state, the place where such devices were kept, or where the horse was run. p. 6.

5. SAME.—*Visiting Gambling-House.—Purpose of Visit.—Burden of Proof.*—In an affidavit charging defendant with visiting a gam-

bling-house, it is not necessary to charge that he visited such house for the purpose of gambling, his visiting for a proper purpose being a defense, the burden of proof of which is upon defendant.  pp. 7, 8.

6. INDICTMENT AND INFORMATION.—*Visiting  Gambling-House.*— "*Knowingly.*"—In an affidavit charging defendant with visiting a gambling-house, it is not necessary to charge that it was "knowingly" done.  p. 7.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Prosecution by the State of Indiana against Edward Bridgewater. From a judgment quashing the affidavit and discharging defendant, the State appeals. *Reversed.*

*James Bingham, Attorney-General, E. M. White, Henry M. Dowling, A. G. Cavins,* and *George W. McMahan,* for the State.

*George Shirts* and *Will H. Talbott,* for appellee.

JORDAN, J.—The charges presented against appellee in this prosecution is that he unlawfully visited a gambling-house in Orange county, Indiana. The prosecution is based on section 470 of the public offenses act of 1905 (Acts 1905, pp. 584, 693, §2371 Burns 1908). This section defines several offenses. The part thereof upon which the prosecution in this case is based is as follows: "Whoever, being a male person, * * * frequents or visits a gambling-house or houses, * * * shall, on conviction, be fined," etc. Omitting the formal parts, the affidavit upon which the charge against appellee was presented in the lower court follows:

"Before me, John P. Riley, clerk of the Orange Circuit Court, personally appeared William M. Baggerly, who, being first duly sworn on his oath, says that on July 3, 1906, at the county of Orange, in the State of Indiana, Edward Bridgewater, being then and there a male person, did then and there unlawfully visit a certain gambling-house, then and there being kept for the purpose of gaming, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

William M. Baggerly.

Subscribed and sworn to before me this 6th day of July, 1906. John P. Riley, clerk."

Indorsed as follows:

"State of Indiana, Orange County, SS. Orange Circuit Court. July term, 1906. The State of Indiana v. Edward Bridgewater. Affidavit for visiting gaming-house. [Witnesses, etc.]. Filed in open court July 6, 1906. John P. Riley, clerk. Approved by me, W. H. Voyles, prosecuting attorney."

On motion of appellee the affidavit was quashed, and the court rendered judgment discharging him without day. From this judgment the State has appealed, and assigns that the court erred in quashing the affidavit.

We are advised by the brief of the Attorney-General that the affidavit was held insufficient by the lower court, because there was no description or designation of the gambling-house visited by the accused. Counsel for appellee insist that such a description is essential in order to render the affidavit sufficient to withstand a motion to quash. On the other hand, counsel for the State contend that the pleading is amply sufficient: (1) Because the charge is made in the language of the statute defining the offense; (2) Because the crime is charged to have been committed in Orange county, Indiana; (3) that it was not necessary to describe the building, grounds or place visited by appellee in Orange county, for the reason that the statute does not make any particular place or locality an element of the offense, nor can any judgment rendered upon conviction have reference to any particular place or locality; (4) because it can be understood without doubt by the language employed in the affidavit that an offense was committed within the jurisdiction of the Orange Circuit Court.

Counsel for appellee insist that an affidavit in the language of the statute in question gives the accused no information of the particular offense with which he is charged, and that no circumstance is stated which will enable him to know what evidence may be pro-

duced, nor what he is required to meet; that by the affidavit in question he cannot know "which of the many houses in the seven or eight towns in Orange county the State would claim was the one which he visited." This court has repeatedly affirmed that the averments in an affidavit or indictment in a criminal charge "must be so clear and distinct that there may be no difficulty in determining what evidence is admissible thereunder." An indictment or affidavit in a criminal prosecution is required to state a specific description of the offense. It is not sufficient to state mere conclusions of law, and, in case a statute upon which a criminal prosecution is based defines the offense in generic terms, it will not suffice to charge the crime in the mere language of the statute, but the pleader will be required to resort to particulars. *State* v. *Metsker* (1908), 169 Ind. 555; *Johns* v. *State* (1902), 159 Ind. 413, 59 L. R. A. 789; *State* v. *Southern Ind. Gas Co.* (1907), 169 Ind. 124.

We have no inclination to depart from the well-settled principles of criminal pleading, but the argument of appellee's learned counsel, that when the affidavit herein is measured by these principles it must be held insufficient in charging a public offense under the statute in question, is not tenable. It may be noted that the statute declares. that "whoever, being a male person, frequents or visits a gambling-house or houses" shall be fined. It can be affirmed that this express language fully, directly, without any uncertainty or ambiguity, designates the particular acts or elements necessary to constitute the offense which the law intended to prohibit. In criminal pleading, it has been held by this court, for a long period of time, that in a case in which the particular acts constituting the crime are clearly defined by the statute, as in the one here involved, it will be sufficient to charge the crime in the language of the statute. *State* v. *Bougher* (1833), 3 Blackf. *307; *State* v. *M'Roberts* (1836), 4 Blackf. 178; *State* v. *Watson* (1839), 5 Blackf. 155; *Marble* v. *State* (1859), 13

Ind. 362; *Malone* v. *State* (1860), 14 Ind. 219; *State* v. *Darlington* (1899), 153 Ind. 1; *Johns* v. *State, supra; State* v. *Southern Ind. Gas Co., supra; Donovan* v. *State* (1908), 170 Ind. 123.

The criminal character of the act, declared by the statute involved to be a public offense and punishable as such, does not depend upon any particular locality, house or place in a county in which such act is committed. No particular district, division or place in a county is made an essential element of the crime. Visiting any gambling-house, wheresoever situated in Orange county, would have been a violation of the statute. In case the particular gambling-house frequented is, by the statute defining it, made an essential element of the offense, or in a case in which the court is requested to abate, by its judgment, a public nuisance constituted by the acts of which the State complains, or in some proceeding to be taken against the place or house, then it is necessary that the indictment or affidavit designate, describe or point out such place or house with reasonable certainty. *Winlock* v. *State* (1890), 121 Ind. 531; 1 Bishop, Crim. Proc. (4th ed.), §372; Gillett, Crim. Law (2d ed.), §472; *State* v. *Alsop* (1853), 4 Ind. 141; *State* v. *Southern Ind. Gas Co., supra;* 10 Ency. Pl. and Pr., 529.

In the text-book last cited (p. 529), it is said: "If the criminal character of an act depends upon the locality in which it is committed the allegation of place becomes material, and does not then merely determine the venue, but furnishes an essential feature in the description of the offense and must be accurately laid, and matter of local description must be proved. But the sufficiency of the description of such place depends upon the relation of the place to the particular offense with which it is connected."

In Gillett, Crim. Law (2d ed.), §472, the author, in considering the offense of keeping a gaming-house, says: "This is one of the many cases where the offense may be charged

in the language of the statute. * * * No particular description of the location of the house need be given; it is sufficient if it is alleged to be in the county where the indictment is found." In a charge for keeping and exhibiting gambling devices, the latter need not be named or 4. described in the indictment or affidavit, nor is it necessary to describe the place where such devices are kept or exhibited, other than as being in a designated county and state. *Pemberton* v. *State* (1882), 85 Ind. 507; *App* v. *State* (1883), 90 Ind. 73; *Keith* v. *State* (1883), 90 Ind. 89.

In *State* v. *New* (1905), 165 Ind. 571, we also held that it was not necessary, in an indictment for permitting a horse to run upon a public highway, to describe the highway other than as being in a particular county. On the same point see, also, *State* v. *Burgett* (1849), 1 Ind. 479; *State* v. *Armstrong* (1851), 3 Ind. 139.

If, as our cases affirm, it is not necessary for the State, in a prosecution for keeping a gambling-house, or for keeping and exhibiting gambling devices, or in a charge against a person for permitting his horse to be run in a horse-race along a public highway, to describe in the pleading, in order to render it sufficient, the particular gambling-house kept by the accused person, or the place or house where the gambling devices in question are kept or exhibited, or the particular highway in the county upon which the accused person suffered his horse to run in a prohibited race, certainly then, under the statute here involved, no tenable argument can be advanced in support of the contention that the State, in a prosecution against a person for visiting a gambling-house, should describe in the affidavit or indictment the particular gambling-house visited. The statute in this case in no way makes any particular place or locality an essential element of the offense defined, and the judgment of the court, on conviction of the accused person, in no manner can operate upon or have reference to any particular place or house where the crime was committed. As the

statute defines specifically what acts constitute the offense charged against appellee, it is sufficient, as the authorities affirm, in a prosecution thereunder, to use the language of the statute in charging the crime committed. The pleader, in drafting the affidavit in controversy, has observed and followed this rule. We therefore conclude that the affidavit is sufficient on a motion to quash, notwithstanding the fact that there is an entire absence of any particular description. of the gambling-house visited by appellee.

It is next insisted by counsel for appellee that the affidavit, to be sufficient, must also allege that appellee visited the house for the purpose of gambling. Counsel, however, appear to have overlooked the fact that the affidavit does expressly aver that the visit was for the purpose of gambling. We are of the opinion that an allegation in the affidavit in regard to the purpose for which the accused visited the house is not essential to its sufficiency. It will be noted that the statute in dispute is entirely silent in respect to the purpose for which the visit is made, and does not profess to make the offense therein declared to depend upon any particular purpose which the accused person may have for visiting a gambling-house. If the defendant in such a case as this has any legitimate excuse for making the visit with which he is charged, the burden rests upon him to bring forward such an excuse as a defense. This view of the question is fully sustained by the authorities hereinafter cited in support of our holding upon another proposition.

It is further contended that the pleading is deficient on a motion to quash, for the reason that it is not alleged that the defendant "knowingly" visited the gambling-house. This averment, as a matter of pleading, was not essential. The statute, in defining the offense, employs neither the word "knowingly," nor any term the equivalent thereof. In fact, it does not make the visitor's knowledge in respect to the character of the house he visits

a material element, so as to require the State to allege it in its pleading and prove it upon the trial. Generally speaking, the term "knowingly" in a criminal proceeding imports that the accused person knew what he was about, and, possessing such knowledge, proceeded to commit the crime of which he is charged.

In case a statute, in defining a public offense, makes knowledge an essential element thereof, then the State, in a prosecution thereunder, must aver and prove such 5. knowledge. Of course if the defendant in this case innocently visited the gambling-house in controversy, without having any knowledge or notice, either actual or constructive, of its character, then he would not, within the meaning or spirit of the law, be guilty of the offense with which he is charged, and would have the right, under a plea of not guilty, to set up such facts as a defense to the prosecution. It will be observed that the statute, in positive terms, declares a visit by a person to a gambling-house to be a penal offense, and as any such visit, *prima facie* or apparently, is a violation of the law, a legitimate excuse for making it must be shown by the defendant as a defense to the prosecution. The State in its pleading is not required to anticipate or negative any defense which defendant may have. This rule is supported by the following authorities: *Donnell* v. *State* (1851), 2 Ind. *658; *State* v. *Kalb* (1860), 14 Ind. 403; *Farbach* v. *State* (1865), 24 Ind. 77; *Goetz* v. *State* (1872), 41 Ind. 162; *Ward* v. *State* (1874); 48 Ind. 289; *Payne* v. *State* (1881), 74 Ind. 203; *Brow* v. *State* (1885), 103 Ind. 133; *Werneke* v. *State* (1875), 50 Ind. 22; 1 Wharton, Crim. Law (10th ed.), §§88, 89; *State* v. *Cadwallader* (1900), 154 Ind. 607, and authorities cited; Bishop, Stat. Crimes (3d ed.); §1022; *Mapes* v. *People* (1873), 69 Ill. 523; *State* v. *Heck* (1877), 23 Minn. 549. See further the cases collected and cited in the dissenting opinion of Woods and Elliott, JJ., in *Schmidt* v. *State* (1881), 78 Ind. 41.

In *Payne* v. *State, supra,* this court, by Elliott, J., said: "The facts stated in the indictment make a case within the statute; and if there are any facts constituting a defense, the accused must show them. The State is not bound to anticipate defenses and aver facts rendering them unavailing. Excuses and justifications must come in by way of defense; there is no such a presumption of their existence as requires the State to allege that they do not exist."

We conclude, and so hold, that the affidavit in this case is sufficient as against any of the objections pointed out and urged by counsel for appellee. It follows, therefore, that the court erred in sustaining the motion to quash, for which error the judgment is reversed, and the cause remanded, with instructions to the lower court to overrule the motion to quash the affidavit.