## Mann *v.* State of Indiana.

[No. 25,799.   Filed June 27, 1933.   Rehearing denied
October 31, 1933.]

492

*Thomas H. Fitz,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant was charged by affidavit with the crime of rape upon a female child under the age of twelve years. Acts 1927, p. 576, §2429, Burns Supp. 1929. Trial by the court. He was found guilty of assault and battery with intent to commit rape; his age 45 years. Judgment that he be imprisoned in the State Prison for a term of not less than five years nor more than twenty-one years, and pay a fine of $100. He prosecuted this appeal, assigning as errors, the overruling of his several motions: (1) In arrest of judgment; (2) for a new trial; (3) to modify the judgment; (4) for discharge.

Appellant, to support his motion in arrest, relies on the statutory cause that the facts stated in the affidavit do not constitute a public offense. Sec. 2326, Burns 1926, Cl. 2. The affidavit, omitting the formal and other parts not at present material, charges that appellant, on the date therein stated, "did then and there unlawfully and feloniously have carnal knowledge of one Alice Bowman, a female child then and there under the age of twelve years, to wit: . . ."

Appellant insists, in effect, that the affidavit, to be sufficient to uphold a conviction of the crime for which he was found guilty, should have descended to particulars and pleaded, in addition to the act of "carnal knowledge," sufficient facts to show the existence of the element of assault and battery with intent on appellant's part to commit the act of "carnal knowledge." The argument is, that "carnal knowledge" is only one element of the crime of rape; that every charge of rape must necessarily include a charge of assault and ravish and, since the latter elements are not expressly charged

in the commission of the offense, the inferior offense of which he was convicted was not within the issues.

The crime of rape in this state is defined by statute, which, insofar as the same is applicable to the charge in the instant case, provides that "Whoever, unlawfully, has carnal knowledge of . . . female child under sixteen (16) years of age; . . . is guilty of rape in the first degree, and, on conviction, shall be imprisoned, etc." Section 2429, *supra.* Other than the word "feloniously," it will be noticed that the affidavit follows closely the language of the statute. The word "feloniously" is technically essential in describing a common-law felony, and it is also required when prescribed by statute defining a felony *(State* v. *Maddox* [1882], 85 Ind. 585) for the reason it is regarded as a constituent element thereof. While the statute under consideration does not include the word "feloniously," its inclusion in the accusation we approve, although it may be treated as the equivalent to "purposely" or "unlawfully" or as having the quality of a felony. Bouvier's, (Rawles 3rd Rev.) ; *Shinn* v. *State* (1879), 68 Ind. 423.

Appellant's argument would be quite persuasive were this a prosecution under the common law, or in case the offense was not sufficiently defined by statute, making it necessary for the pleader to supplement the alleged unlawful act by other elements, but here the charge is substantially in the language of the statute which defines the offense and states directly and specifically what acts shall constitute it. The offense being purely statutory, it has no relation to the common law (§2400, Burns 1926), nor was it necessary to plead additional particulars in order to make the affidavit good as against a motion to quash or a motion in arrest of judgment. *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *State* v. *Closser* (1913), 179 Ind. 230, 99 N. E. 1057; *Johns* v. *State* (1902), 159 Ind. 413, 65 N. E. 287, 59

L. R. A. 789; *State* v. *Bridgewater* (1908), 171 Ind. 1, 85 N. E. 715; *State* v. *Southern Ind. Gas Co.* (1907), 169 Ind. 124, 81 N. E. 1149, 13 Ann. Cas. 908.

Appellant relies on insufficient evidence and finding contrary to law as causes in support of his motion for a new trial. The evidence in this case has been read and carefully considered. It will serve no good purpose to incorporate a general recital of the evidence in this opinion. It is sufficient to say that we are entirely convinced from our review of the evidence that it was a case in that respect for the trial court and, except as hereafter noted, its conclusion thereon, according to the settled rules of law, is binding on this court.

Appellant also takes the position that the finding of the court was contrary to law, because the Act of 1921 (§2429, Burns 1926), was repealed by the Act of 1927 (§2429, Burns Supp. 1929), which redefined the crime of rape into degrees, so that at present there is no statute defining attempted rape. It is evident that the court's finding was upon the theory that §2429.1, Burns Supp. 1929, which was a part of §1, Acts 1921, p. 373, amending §361, Acts 1905, p. 584, 662, was not repealed by the Act of 1927, Acts 1927, p. 576, Ch. 201, the title of which was "AN ACT concerning public offenses, and repealing all laws and parts of laws in conflict with the provisions of this act."

As we are at present advised, we are not concerned with the question of whether the Act of 1927 repeals all of the section as amended in 1921. That part which the state claims was not repealed applies to a case of attempted rape on a female person *"forcibly and against her will,"* and is general in its application. It defines an independent offense and is not included in a charge of rape. Force and against the will of the female, regardless of her age, are essential elements in charging attempted rape. *Chesterfield*

v. *State* (1924), 194 Ind. 282, 141 N. E. 632. The instant affidavit does not contain these elements, but since force and lack of consent are not essential in charging rape on a child under sixteen years of age, we must take the issue as presented by the affidavit and plea of not guilty. Rape in the first and second degree is defined by §2 of the 1927 Act, and both degrees depend upon the accomplished act.

This case, upon the evidence, is clearly within the principle announced by this court in the case of *Hickman* v. *State* (1932), 203 Ind. 94, 177 N. E. 837. The statute in force under which the Hickman case was prosecuted was not materially different from the one defining the crime under which the present affidavit was filed. Neither charged facts constituting attempted rape. In that case it was held that upon the theory that there can be no rape without an assault and battery, it necessarily follows that a charge of rape, where force and lack of consent are not charged, as here, include the lesser offense, that of assault and battery with intent to commit a felony. *Chesterfield* v. *State, supra.* The trial court in the present case found appellant guilty of attempted rape, which amounted to a finding that he was not guilty of rape either in the first or second degree, but that he was guilty of a less offense covered by the charge, or, as we have seen, assault and battery with intent to commit a felony, for which a penalty is prescribed by statute of not less than one nor more than ten years. Sec. 2417, Burns Supp. 1929; Acts 1927, p. 580. Hence the court erred in fixing the penalty greater than that provided by statute. To correct this error the proper practice, a motion to modify the judgment, was pursued by appellant and overruled by the court. This ruling was erroneous and harmful to appellant, for which the judgment must be reversed. *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820;

*Rooker* v. *Fidelity Trust Co.* (1931), 202 Ind. 641, 177 N. E. 454; *Chicago, etc., R. Co.* v. *Eggers* (1897), 147 Ind. 299, 45 N. E. 786.

It does not follow that an erroneous judgment will work the discharge of a defendant who apparently has had a fair trial and found guilty of an offense within the charge preferred against him, and the only error is the pronouncement of the judgment which does not comport with the statute defining the crime of which he was convicted. The motion to discharge was properly overruled.

Judgment reversed, with instructions to the trial court to sustain appellant's motion to modify the judgment, so that the penalty will be imprisonment in the State Prison for not less than one (1) year nor more than ten (10) years, and for further proceedings not inconsistent with this opinion.

ON PETITION FOR A REHEARING.

MYERS, C. J.—Appellant, on petition for a rehearing, insists that we decide his question of former jeopardy. On our former consideration of this case we noticed that point in appellant's brief, but the grounds upon which we placed our decision in reality decided the question of former jeopardy against appellant without going into the question in detail.

The question of former jeopardy may, prior to the trial, be presented by a plea in bar (*Klein* v. *State* [1901], 157 Ind. 146, 60 N. E. 1036; *Barker* v. *State* [1919], 188 Ind. 263, 267, 120 N. E. 593), the sufficiency of which is for the court (*Harlan* v. *State* [1921], 190 Ind. 322, 336, 130 N. E. 413), or by evidence during the trial under a plea of not guilty. *Foran* v. *State* (1924), 195 Ind. 55, 144 N. E. 529; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405. But in this case neither of these remedies was invoked.

The record discloses that appellant was tried upon an affidavit signed by Marie Bowman and filed January 30th charging appellant with first degree rape on one Alice Bowman. A trial on this affidavit was had in April following, and on May 1st the court found appellant guilty of assault and battery with intent to commit rape and judgment was entered accordingly. Various motions were then filed by appellant and overruled. An appeal to the Supreme Court was granted and a bill of exceptions containing the evidence approved by the court was filed June 22nd. The motion to discharge on the ground of former jeopardy was filed June 24th, sixty-eight days after the close of the trial and fifty-four days after the entering of final judgment.

The facts in support of the motion for his discharge rest upon an affidavit made by Harry McGlenn charging appellant with assault and battery with intent to commit rape on one Alice Bowman and filed December 20th. On the following January 30th the cause was called for trial. The witnesses for both the state and defendant were present in court. Thereupon the prosecuting attorney, by consent of the court and over the objection and exception of the defendant, entered a *nolle prosequi* and the defendant was discharged. It is evident from this record that counsel for appellant had no thought of the question of former jeopardy until long after his client was found guilty of assault and battery with intent to commit rape.

Former jeopardy, whether presented by a special plea or at the trial under the general issue (§2230, Burns 1926), involves the record of the former proceeding—acquittal or conviction—and the identity of the offense and of the person alleged to have been guilty. *Earle* v. *State, supra.* The affidavit upon which appellant was tried included three distinct crimes, namely, rape in the first degree, rape in

the second degree and assault and battery with intent to commit a felony, while the first affidavit charged the single offense of assault and battery with intent to commit rape, and we so in effect ruled in our former opinion. If by any pretext it could be said that the motion, or more properly appellant's plea, was timely filed, and in our opinion it was not, then, for the reasons here stated, it was insufficient to meet the test approved by the decisions of this court. The plea was insufficient even under the evident theory of the trial court that the affidavit upon which appellant was tried included the offense of an intent to rape, for the reason there was no allegation in the pleading showing that the trial of the cause had been entered upon, in that a jury had been selected and sworn to try the cause, or, in case of a trial by the court, that a witness or witnesses had been sworn to give testimony in the case.

Petition for rehearing denied.