May Term,
1832.

HIDAY
v.
GILMORE.

Case 1.
3b 48
145 73

*Thursday,*
*May* 31.

---

HIDAY and Others *v.* GILMORE.

A person being imprisoned by virtue of a mittimus issued by a justice of the peace, which did not show the cause of commitment, brought an action of trespass against the justice, the constable who executed the mittimus, and the persons who assisted the constable. *Held,* that the mittimus was no justification for the defendants.

In an action of trespass in the Circuit Court, in which the damages *claimed* exceed 20 dollars, the defendant, if found guilty, is subject to costs, though the damages assessed be less than 20 dollars.

Trespass for an assault, &c. against four persons.  Two were found guilty, and     May Term,
two were acquitted.  *Held,* that the defendants acquitted were entitled to          1832.
costs.  *Held,* also, that under the statute law, a defendant is entitled to costs
in all cases in which he obtains a verdict.                                         HIDAY
                                                                                     v.
                                                                                   GILMORE.
ERROR to the *Madison* Circuit Court.  The plaintiff below
claimed in this action 500 dollars in damages.                                     *Thursday,*
                                                                                   *May 31.*

BLACKFORD, J.—*Gilmore* brought an action of trespass for
an assault and battery and false imprisonment, against *Hiday,*
*Chodrick, Cotterill,* and *Doty.*

Th· defendants jointly pleaded two pleas in justification.
The first plea is, in substance, that the plaintiff having been
fined by *Hiday,* a justice of the peace, for an assault and battery,
and having refused to pay or replevy the fine, the justice issued
a mittimus, by virtue of which *Chodrick* as constable, and *Cot-*
*terill* and *Doty* by his command, took the plaintiff, &c.  The
second plea is the same with the first, except that the fine is
alleged to have been for profane swearing.

The plaintiff replied to both pleas, that the defendants had
committed the trespass of their own wrong, &c.

On the trial, the defendants offered in evidence a mittimus,
stating that the plaintiff had been brought before the justice
on a charge of profane swearing, and breaking the peace by
an assault and battery on the body of *Richard Kinman;* that for
want of security sufficient to defray the fine and costs, and for
failing to enter into a recognizance, &c. the gaoler was com-
manded, &c.  The plaintiff objected to this mittimus as evi-
dence, and the Court sustained the objection.

On motion of the plaintiff, the Court instructed the jury that
they must, under the state of the pleadings, find *Hiday* and
*Chodrick* guilty.  The jury found a verdict of guilty against
*Hiday* and *Chodrick,* and assessed the damages at 5 dollars; and
a verdict of not guilty as to *Cotterill* and *Doty.*  A motion for
costs in favour of all the defendants, was made and overruled;
as was also a motion for costs in favour of *Cotterill* and *Doty.*
A judgment was entered on the verdict against *Hiday* and *Cho-*
*drick* for the damages assessed and for costs.

We think the Court did right in refusing to admit the mitti-
mus in evidence.  It was too defective to authorise the impri-
sonment charged.  It is essential to the validity of a mittimus
that it set out the cause of commitment.  3 Bl. Com. 127.  That
is not done in this case.  The pleas state, that the plaintiff

May Term, 1832.

HIDAY
v.
GILMORE.

being fined for profane swearing and for an assault and battery, and not paying or replevying the fines, the mittimus was issued against him. But the mittimus offered in evidence, does not show that any fine had been assessed against the plaintiff, and was consequently inadmissible under either of the pleas.

After the rejecting of the mittimus, the pleas in justification under it were left without any support; and, of course, the subsequent charge of the Court, that the justice and constable must be found guilty, was unobjectionable. The plaintiff would have been entitled, had he asked it, to a similar charge as to the other defendants.

We consider the Court right, also, in refusing to give costs to *Hiday* and *Chodrick*, who were found guilty, though the damages assessed were less than 20 dollars. It is only where the damages *claimed*, in trespass, do not exceed 20 dollars, that the plaintiff suing in the Circuit Court, instead of before a justice, is subjected to costs. Rev. Code, 1824, p. 251 (1).

The two defendants, *Cotterill* and *Doty*, were acquitted by the jury, and were entitled to a judgment for their costs. It is true, that costs in such cases were not allowed in *England* until the statute of 8 & 9 *Will.* 3, which is not in force here. But, by a fair construction of our own statute law, a defendant must be considered entitled to costs in all cases in which he obtains a verdict (2).

The judgment against *Hiday* and *Chodrick* is affirmed; but the judgment refusing costs to *Cotterill* and *Doty* must be reversed.

*Per Curiam.*—The judgment on the verdict against *Hiday* and *Chodrick* is affirmed. The judgment refusing costs to *Cotterill* and *Doty*, on the verdict in their favour, is reversed. Cause remanded, &c.

C. *Fletcher*, for the plaintiffs.

H. *Brown* and W. *Quarles*, for the defendant.

(1) Vide Rev. Code, 1831, p. 297.
(2) *White* v. *Loyd et al., May* term 1834, post.