————o————

## JEFFRIES ET AL. *v.* McNAMARA.

PRACTICE.—*Bill of Exceptions.*—A paper purporting to be a bill of exceptions, which shows that it was signed by the judge after the term, but does not show when it was filed, or whether it was ever filed, is no part of the record.

CRIMINAL LAW.—*Obstructing Highway.*—*Affidavit.*—An affidavit, warrant for arrest, and mittimus, charging that the defendant did unlawfully and knowingly obstruct a certain public highway " by then and there manufacturing a rail fence across said road," sufficiently describes the offence of obstructing a public highway.

JUDGMENT.—*Justice of the Peace.*—An entry on the docket of a justice of the peace, showing that the defendant was tried, " and, after hearing the evidence, was fined in the sum of twenty-five dollars and costs of suit," does not show a judgment, or authorize the commitment of the defendant.

FALSE IMPRISONMENT.—*Officer Justified if Process be Good on its Face.*—A warrant of arrest and mittimus issued by a justice of the peace having jurisdiction of the offence charged, each being good on its face, will justify a constable in making the arrest and commitment.

INSTRUCTION.—Giving an instruction, by its terms applicable to several defendants, but bad as to any one of them, is error.

From the Shelby Circuit Court.

*B. F. Davis, R. A. Black,* and *B. F. Love,* for appellants.

*S. Major* and *J. B. McFadden,* for appellee.

BIDDLE, J.—The appellee sued the appellants for false imprisonment and assault and battery. The appellants joined in an answer of general denial. Jeffries answered in two paragraphs, justifying under certain proceedings had before himself as a justice of the peace. Duval answered in justification, as constable, under the same proceedings. House also, by special answer, justified under the same proceedings. Separate

demurrers were filed, for want of sufficient facts, to the special paragraphs of the answer by each of the appellants. The demurrers were sustained. Exceptions taken. Trial by jury on the issue of general denial; verdict for appellee; motion for new trial; causes filed; motion overruled; exception; judgment on the verdict; appeal.

There is a paper in the record, purporting to be a bill of exceptions, setting out the evidence, which shows us that it was signed by the judge after the expiration of the term, but at what time it was filed, or whether ever filed, we have no information. It is therefore no part of the record.

The only questions presented for our decision are the rulings on the demurrers and the refusal to give a certain instruction.

The special answer of Jeffries is founded on certain proceedings had before himself as a justice of the peace, which show us that House, on the 7th day of October, 1865, made his affidavit before Jeffries, stating "that on or about the 4th day of October, 1865, in the county of Shelby, and State of Indiana, Bartholomew McNamara did then and there unlawfully and knowingly obstruct the public highway situated in Moral township, Shelby county, and State of Indiana, and described as follows, to wit:" (describing the road), "by then and there manufacturing a rail fence across said road, against the statute," etc.

Upon this affidavit, a warrant was issued, commanding the constable to arrest the appellee, "to answer the charge of having, on or about the 4th day of October, 1865, in said county, unlawfully obstructed the public highway, and described as follows:" Here the road is described. The warrant then concludes: "As Morton House has complained on oath, and have you then and there this writ." Dated this 7th day of October, 1865.

"JOHN H. JEFFRIES, J. P. [Seal.]"

Upon this warrant, the constable made the following return:

"October 9th, 1865. I have this day arrested the within

named prisoner, Bartholomew McNamara, and have him now before the court.                    R. M. J. DUVAL, Const."

The appellee filed his affidavit for a change of venue. The justice then tried the cause, and rendered his judgment as follows:

" And the said Bartholomew McNamara failing to pay the costs for a change of venue, or giving security therefor, was then and there tried for the within named offence, and, after hearing the evidence, was fined in the sum of twenty-five dollars and costs of suit, as adjudged by me, this 9th day of October, 1865.                    JOHN H. JEFFRIES, J. P. [Seal.]"

Upon refusal to pay or replevy the fine and costs by the appellee, the justice issued a mittimus in the following words:

" County of Shelby, ss:    The State of Indiana to the jailor of Shelby county.    Whereas Bartholomew McNamara has been arrested and tried before me, and adjudged guilty of manufacturing a common rail fence across the public highway, in Moral township, said county and State, and having failed to find bail in the sum of five hundred dollars, the amount at which the bail is fixed, as required by me, for his appearance at the next term of common pleas court to answer such charge, you are therefore commanded to confine him in the county jail until discharged.

" Dated this 9th day of October, 1865.

                    " JOHN H. JEFFRIES, J. P. [Seal.]"

All of which is authenticated by the certificate of the justice.

As the language of the statute, on which the charge is founded, is as follows : " every person who shall in any manner obstruct any public highway," etc., we are inclined to hold that the words, " by then and there manufacturing a rail fence across said highway," sufficiently describe the manner in which it was obstructed.    We therefore think that the affidavit, warrant, and mittimus sufficiently define the offence charged. The mittimus, however, is issued without a proper basis. There is no judgment to support it, nor is it adapted to the case.    Instead of committing the appellee for non-payment of

the fine, it commits to answer at the next term of the common pleas court.

. To authorize the issuing of the mittimus, there should have been a judgment of committal. 2 G. & H. 639, sec. 18. Therefore, for the want of a proper judgment in the proceedings to authorize the issuing of the mittimus, the special answer of Jeffries is insufficient; and the court, for that reason, properly sustained the demurrer to that paragraph.

The special answer of Duval, the constable, is founded on the same proceedings. He avers that he made the arrest by the authority of the warrant set forth, and delivered the appellee to the jailor by the authority of the mittimus, using no unnecessary violence; and he avers that the arrest and committal were the same acts complained of by the appellee, denying all other facts in the complaint. We think these allegations constitute a good defence for Duval. The justice having jurisdiction of the offence, and the warrant and the mittimus being each good on its face, the constable was justified in making the arrest and committal. He cannot be held responsible for the error in issuing the mittimus. The court therefore erred in sustaining the demurrer to the special paragraph of Duval's answer.

The special paragraph of the answer of House is similar to that of Duval, and for the same reasons must be held good. The demurrer to it, therefore, was erroneously sustained.

For the authorities and general principles sustaining these views, see the following decisions: *M'Neely* v. *Driskill*, 2 Blackf. 259; *Taylor* v. *Moffatt*, 2 Blackf. 305; *Hiday* v. *Gilmore*, 3 Blackf. 48; *Poulk* v. *Slocum*, 3 Blackf. 421; *Lair* v. *Abrams*, 5 Blackf. 191; *Steel* v. *Williams*, 18 Ind. 161; *Stancliff* v. *Palmeter*, 18 Ind. 321; *Colter* v. *Lower*, 35 Ind. 285; *Boaz* v. *Tate*, 43 Ind. 60.

The instruction, the refusal of which was excepted to by the appellants, was to the effect that if Jeffries, the justice, and Duval, the constable, acted under the proceedings, as set forth in

the special paragraphs of their answers, without malice, then the jury "should find for the defendants."

As the instruction applied to all the defendants and was erroneous as to Jeffries, it was properly refused.

The judgment is reversed as to Duval and House, and affirmed as to Jeffries. The cause is remanded for further proceedings as to Duval and House, with instructions to overrule the demurrers to the special paragraphs of their answers.