## THE STATE *v.* DAY.

CRIMINAL LAW.—*Bill of Exceptions.*—A bill of exceptions is not necessary to present for the consideration of the Supreme Court the ruling of a court in quashing an indictment.

SAME.— *Transcript on Appeal by State.*—Section 155 of the criminal code applies only to a case where a bill of exceptions is necessary to raise the questions presented.

SAME.—*Words.* — " *Ditch.*" — " *Embankment.*" — *Obstruction of Highway.* — Words in an indictment, except such as are technical or defined by law, must be construed in their common and usual acceptation. An indictment for obstructing a highway by unlawfully cutting a " ditch alongside of, and making an embankment alongside of and across said highway, thereby

causing water to flow in said road," was not bad for its failure to allege the depth of the ditch and the height of the embankment.

From the Putnam Circuit Court.

*C. A. Buskirk,* Attorney General, *R. D. Doyle* and *T. C. Grooms,* for the State.

*M. A. Moore, G. Moore* and *D. R. Eckles,* for appellee.

BIDDLE, J.—The indictment in this case charges the appellee as follows:

"That, at said county of Putnam, on the 7th day of May, 1875, one Vincent Day did, then and there, unlawfully obstruct a certain highway, then and there situate, running through section No. 31, town 15, range 3, and leading from the Greencastle and New Maysville road, in said county, by then and there unlawfully cutting a ditch alongside of, and making an embankment alongside of and across said highway, thereby causing the water to flow in said road; contrary," etc.

On motion of appellee, the indictment was quashed. The State excepted, and appeals to this court. The appellee here moves to dismiss the cause, "because no bill of exceptions was filed in the court below, and because no order of court was made in the court below as to what part of the record in this cause should be certified into this court."

We do not think a bill of exceptions was necessary in this case. The purpose of a bill of exceptions is to bring into the record something which otherwise would not properly belong to it. It is never necessary when the question arises on the face of the pleadings. Here the question is upon the sufficiency of the indictment, raised by the motion to quash. No extrinsic fact is necessary to its presentation. It is all upon the record, and the clerk has officially certified that this record is "true, full and complete." We cannot, therefore, see the force of a motion to dismiss the cause for the reason that the court below made no order as to what part of the record should be certified. Section 155 in the act regulating criminal pleading and practice (2 G. & H. 426)

applies only to cases where a bill of exceptions is necessary to raise the question presented, and where it is not necessary for the clerk to certify "any part of the proceedings and record, except the bill of exceptions and the judgment of acquittal."

We are informed by the briefs of the counsel, that the ground upon which the court below sustained the motion to quash the indictment was the failure to allege the depth of the ditch and the height of the embankment, which, it is averred, obstructed the road.

Words used in an indictment, except such as are technical, or defined by law, must be construed in their common and usual acceptation. A trace across a highway, insufficient to seriously obstruct it, could not, with propriety, be called a ditch; and to call a ridge of earth an embankment, which was so inconsiderable, when raised across a highway, as not to be a serious obstruction, would be quite frivolous.

The allegations, "by then and there unlawfully erecting fences across said highway" (*State* v. *Buxton*, 31 Ind. 67), and "by then and there manufacturing a rail fence across said road, against the statute" (*Jeffries* v. *McNamara*, 49 Ind. 142), have been held good by this court, without averring the height of the fences; and we think the same is properly applicable to ditches and embankments. In our opinion, the word "ditch," in its common and usual signification, as generally accepted, imports a trench of sufficient width and depth to obstruct a highway, in the legal sense, if cut or dug across it; and it seems very plain that the word "embankment," in its common, usual and accepted meaning, fairly imports a ridge of earth of sufficient height and base to form a serious obstruction to a highway, if raised across its passage.

We are constrained to hold that the averments under consideration are sufficient, and that the court erred in quashing the indictment.

The judgment is reversed, at the costs of the appellee;

the cause remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings.