**LANG v. UNITED STATES.**
No. 289.

Circuit Court of Appeals, Second Circuit.
Feb. 8, 1932.

Strauss & Abrahams, of New York City (Jerome A. Strauss and Maxwell Shapiro, both of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., and Thomas E. Dewey and G. S. Tarbell, Jr., Asst. U. S. Attys., all of New York City.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

During an investigation then being conducted by a federal grand jury in the Southern district of New York, relative to violations of section 146 (b) of the Revenue Act of 1928 (26 USCA § 2146 (b), the appellant appeared as a witness and testified before the grand jury on December 3, 1931, and subsequently on the 11th, 14th, and 17th of the same month. At the close of his examination on the 17th, he was told that "a presentment has been made against you by this grand jury for willfully refusing to answer fully and truthfully the questions put to you here, and for contumacious conduct in obstructing the investigation of this grand jury." He was also told to appear in court the following Monday, and advised of his right to have counsel present at that time.

Pursuant to this notice, the appellant did appear with his attorney in the District Court at the time designated. At that time, the entire record of the proceedings before the grand jury was put in evidence and twenty-five grounds upon which a contempt order was sought were specified. A long excerpt from the testimony the appellant had given before the grand jury was read, and then, over the protest of the appellant's attorney that he had had no copy of the grand jury minutes and that his client had testified to the best of his ability, the judge directed the appellant to go again before the grand jury and "tell what you know," admonishing him to do that as a necessary alternative to commitment to jail for contempt. On December 28, 1931, the appellant was again examined before the grand jury, and at the end of that examination was taken before the court, where his testimony given that day was considered. He was then adjudged in contempt and placed in the custody of the marshal. Later that same day the appellant appeared in court with counsel. Thereupon the matter was argued by counsel and considered by the court, with the result that the appellant was ordered committed to the House of Detention for ninety days with the privilege of purging himself of the contempt within ten days from the date of the order. This disposition of the matter was made by virtue of Jud. Code, § 268 (28 USCA § 385).

The appellant was an assistant treasurer of the Jefferson Trust Company, of Hoboken, N. J., and had been there for twenty-five years, though it does not appear whether or not he had been an assistant treasurer all of that time. At any rate, during the period covered by the questions asked him when he testified on his various appearances before the grand jury, he held the above position. He had a general oversight of all accounts of depositors, and personally accepted an account in the name of Harry Forbes. On a card which he used in connection with this account he had at some time written the words, "Looks like liquor business," and some notations regarding references. There had been an erasure and something written over it by the appellant. This Forbes account had been an unusually large one for that bank, having shown about $900,000 in five months. Other accounts in other names were opened in the bank and carried on its books in a way that gave some cause for believing that all were used in some related way. The appellant was examined at length respecting these accounts, his personal knowledge concerning them, and his knowledge of the way they had been handled by his subordinates in the bank. The record of his testimony which was read in the District Court discloses a persistent effort to conceal facts he must have known by giving evasive answers under the pretense of being unable to remember or to inform himself more fully as to the facts. His conduct was plainly designed to obstruct the administration of justice, and the record of what was read in the District Court is sufficient justification for the action of the court in reaching that conclusion on the merits.

All that remains to be determined is whether there was any procedural defect in the proceedings leading up to the order of commitment. The appellant was informed in detail of the charges against him. He was represented by counsel, who had an opportunity to ascertain what questions had been asked and what answers his client had given before the grand jury. He was given an opportunity to be heard fully by the court. In view of what we have so recently said in

O'Connell v. United States (C. C. A.) 40 F.(2d) 201, on the questions of law now raised, we do not think it is necessary to discuss them anew.

Judgment and order affirmed.