## RYALS v. UNITED STATES.

### No. 6973.

Circuit Court of Appeals, Fifth Circuit.
April 2, 1934.

Wm. C. Pierce and W. K. Zewadski, both of Tampa, Fla., for appellant.

John W. Holland, U. S. Atty., of Jacksonville, Fla., and Nathan R. Graham, Asst. U. S. Atty., of Tampa, Fla., for the United States.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant was ruled for a contempt of court on the affidavit of a probation officer that he had been forcibly interfered with. Portions of appellant's answer to the rule were stricken, his demand for a jury trial was denied, and on a trial before the court he was sentenced to imprisonment for twelve months. He appeals, assigning error on each ruling but omitting to bring up the evidence. We can consider only what appears on the face of the record. The affidavit states in substance that affiant, a probation officer, was in the execution of his duty and carrying out an order of the District Court in investigating a named probationer of the court when he was attacked and assaulted by appellant, who was attempting to prevent affiant from doing his duty as probation officer; that appellant used abusive, profane, and vulgar language, creating a disturbance, and attacked affiant with his fists, rendering the use of force by affiant necessary to protect himself. The rule signed by the judge referred to the affidavit, and required cause to be shown why appellant should not be adjudged in contempt of court. Appellant's answer was in seven numbered paragraphs, the first being a general assertion that he was not guilty, and the seventh being a general denial of all facts contained in the affidavit. The intervening paragraphs were stricken on demurrer on the grounds that the facts they set up were not responsive to the rule, were not a defense to the rule, and were not a justification of the acts charged. The facts alleged, aside from legal conclusions, were that the occurrence did not happen in the presence of the court nor so near as to obstruct the administration of justice; that the probationer had been put on probation four months before and no investigation for the purpose of recommending probation was in progress; that the altercation happened after the probation officer had completed his visit to the probationer's house and was seated in his car preparing to drive away; and that the altercation therefore had nothing to do with the line of duty of the probation officer.

Proceedings for contempt of court are summary in form and swift in execution. Special pleading and formal demurrers are out of place. When the disturbing act is a direct contempt of the court, in its presence or so near thereto as to obstruct the administration of justice, no formality of procedure need be observed, but on oral order the offender may be at once brought to the bar and, failing to purge himself of contempt, may be fined or imprisoned on the court's own knowledge of what occurred, assisted by testimony if desired. This procedure is not denied to District Courts by 28 USCA § 385. When the contemptuous obstruction is not in or about the court, but is indirect through "resistance by any * * * person to any lawful writ, process, order, rule, decree, or command of the said courts" in the concluding words of section 385, a formulated charge, a hearing before the court, and a formal judgment of guilt ought to precede punishment. This procedure was required in the present case, for in view of the stricken pleading we must assume that the occurrence did not happen in court nor so near as to obstruct its proceedings. The stricken contention that the altercation occurred, not while the officer was discharging his duties in interviewing the probationer but afterwards, and that it had nothing to do with the line of duty of the probation officer, went to the merits of the charge of contempt. The probation officer is appointed by the court to serve the court and has duties fixed by law and has the powers of a deputy marshal in making arrests. 18 USCA §§ 726, 727. He is a ministerial officer of the court, and the court has power to protect him while executing its orders and commands, whether oral or written. He is entitled to such protection both to go and to return in safety. But obstruction of him must be with knowledge of his official character and mission and must be willful and intentional to be a contempt

948

of court. It is not a contempt to have a fight no matter how unjustified with a ministerial officer when it is not intended to embarrass or obstruct the court or its officer. It is not criminal conduct but obstruction of the court that is punishable as contempt. Ex parte Hudgins, 249 U. S. 378, 39 S. Ct. 337, 63 L. Ed. 656, 11 A. L. R. 333. If the striking out of the pleading here means that the court refused to consider the time, place, and cause of the altercation, we think it was error. Possibly the court meant only that such allegations were unnecessary because they were included in the general denials of paragraphs one and seven of the answer. But we cannot know that this is true, for not only are we in ignorance as to what evidence was admitted, but the judgment rendered altogether fails to indicate what facts were found. It is merely this: "It is now by the court here considered, ordered and adjudged, and the sentence of the court is, that you, F. M. Ryals, for your said offenses be committed to the custody of the Attorney General * * * for twelve months. * * *" There is not an express finding of guilt of contempt. There ought to be such before sentence is imposed. Ex parte Adams, 25 Miss. 883, 59 Am. Dec. 234; 13 C. J., Contempt, §§ 118, 128. Just as in a summary criminal trial the imposition of a fine without a judgment of guilty is held insufficient. Jeffries v. McNamara, 49 Ind. 142; 16 C. J., Criminal Law, §§ 655, 658. It is good practice to recite the facts found as constituting contempt, though the recital is not indispensable. Easton v. State, 39 Ala. 551, 87 Am. Dec. 49; 13 C. J., Contempt, § 130. The natural inference from the striking of the allegations that the court was refusing to consider proof of the facts set up is unrebutted by anything in the record.

▆▆▆▆▆ The motion for a jury trial was properly overruled. Contempts are regularly tried by the court, although in cases within 28 USCA §§ 386, 387, the provision for a jury trial is constitutional and mandatory. Michaelson v. United States, 266 U. S. 42, 45 S. Ct. 18, 69 L. Ed. 162, 35 A. L. R. 451. The acts set up in the affidavit showed a criminal assault and battery under the laws of Florida, Comp. Gen. Laws, §§ 7161, 7162, and possibly a violation of the federal statute, 18 USCA § 245, but the case is not within the purview of 28 USCA § 386: "Any person who shall willfully disobey any lawful writ, process, order, rule, decree, or command of any district court * * * by doing any act or thing therein, or thereby forbidden to be done by him, if the act or thing so done by

him be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed shall be proceeded against for his said contempt as hereinafter provided." No order had been issued by the court forbidding what appellant did, and he disobeyed none in doing it. The law alone forbade his conduct. The carefully chosen words of the statute do not embrace this case. It follows also that the six-month limit of imprisonment for contempt contained in section 387 of 28 USCA does not apply here, though it ought to have great weight in punishing criminal contempts under section 385 of 28 USCA.

Because the court in striking a portion of the answer appears to have put out of the case a proper contention of fact, the judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.