## UNITED STATES v. WIMBERLY.

### No. 9784.

District Court, W. D. Louisiana,
Shreveport Division.

Aug. 30, 1940.

See, also, 34 F.Supp. 904.

Harvey G. Fields, U. S. Atty., and Malcolm E. Lafargue, Asst. U. S. Atty., both of Shreveport, La., for plaintiff.

Ben F. Roberts and A. P. Garland, both of Shreveport, La., Robert Wimberly, of Arcadia, La., and Frank J. Looney, of Shreveport, La., for defendant.

**DAWKINS, District Judge.**

This is a proceeding for contempt charging the defendant, J. Rush Wimberly, Sr., with attempting to improperly influence a juror who served on the jury which tried him and others under a criminal indictment for using the mails in furtherance of a scheme to defraud. Defendant has filed what is styled a "motion to quash and demurrer", on the alleged ground that "there was no preliminary supporting affidavit authorizing the rule for contempt", and that the allegations "are insufficient to constitute the offense charged."

The information filed by the United States Attorney, as such, alleges that the criminal case in question came on for trial at Shreveport, Louisiana on November 18th, 1940, and that: "* * * on or about the 16th day of November 1940, the said J. Rush Wimberly, Sr., in the presence of said court, aforesaid, and so near thereto as to obstruct the administration of justice, corruptly endeavored to influence and impede one J. Arthur Tooke, a petit juror duly served and summoned for petit jury service in the United States District Court for the Western District of Louisiana, Shreveport Division, beginning November 18, 1940, in the discharge of his duties and did endeavor to influence, obstruct and impede the due administration of justice in said Court, as aforesaid, in contempt of said Court, as aforesaid, in the following manner, to-wit:"

It then proceeds to state, in substance, that the attorney for the defendants in the criminal case, about 11 a.m. on November 16th, 1940, obtained a list of the jurors summonsed to appear on the following Monday, November 18th, the date on which the case of United States of America v. J. Rush Wimberly, Sr., et al., No. 9380, was set for trial and on said list was the name of one J. Arthur Tooke, who had been duly served and summonsed, which fact was well known to the said J. Rush Wimberly, Sr., and that at about three or four o'clock p.m. on said 16th day of November, he went to the town of Ringgold and there "contacted one Edward B. Gillon and one J. B. Martin; that shortly after the said J. Rush Wimberly, Sr. had contacted the said E. B. Gillon and the said J. B. Martin, and *as a result thereof* and *for the purpose of contacting and influencing the said J. Arthur Tooke,* petit juror, the said E. B. Gillon sent one Durwood Thomas and the said J. B. Martin to the home of one John Tooke * * * to arrange for a trip to be made by the said E. B. Gillon and the said John Tooke, on the following morning, November 17th, 1940, to the home of said petit juror, J. Arthur Tooke, near Zwolle, Louisiana; that John Tooke and E. B. Gillon went by automobile to the home of J. Arthur Tooke, at which time and place, John Tooke visited with the said J. Arthur Tooke from approximately 9:00 a. m. on said date until approximately 2:00 p. m. and in pursuance to instructions received from the said E. B. Gillon, the said John Tooke did corruptly endeavor to influence the said J. Arthur Tooke, who the said J. Rush Wimberly, Sr., the said E. B. Gillon and the said John Tooke, then and there well knew had been summonsed to serve as a petit juror * * * at which time the case of United States of America v. J. Rush Wimberly, Sr., et al., as aforesaid, had been duly set for trial, in the discharge of his duties as said petit juror * * * by imparting * * * information by and through statements, persuasion, arguments and appeals in behalf of the defendant in the case * * *, No. 9380 * * *; that on November 18, 1940, the said J. Rush Wimberly, Sr. caused the said John Tooke to come to Shreveport * * * with one S. R. Wimberly, a relative of the said J. Rush Wimberly, Sr., and the said John Tooke contacted said J. Arthur Tooke, petit juror, in the court room of the United States Court * * * located in the Post Office Building, and then and there the said John Tooke introduced the said J. Arthur Tooke to one Demps Wimberly, a relative of the said J. Rush Wimberly, Sr." (Italics by the writer of this opinion.)

The information prayed that "a citation * * * issue directing the said J. Rush Wimberly, Sr., in proper person, to be arraigned on the charge of contempt as aforesaid, and to show cause on a certain date * * * why he should not be adjudged in contempt * * *." It was signed "Harvey G. Fields, United States Attorney" and "Malcolm E. Lafargue, Assistant United States Attorney." Upon this pleading the court entered the following order:

"The matters herein having heretofore been brought to the attention of the Judge in chambers by the United States District Attorney in discharge of the duties of his office, and now advising the Court that there are credible witnesses and evidence

tending to prove the allegations herein, and the same appearing to the Court of sufficient moment to require an open and full investigation by prosecution for contempt.

"It is ordered that this information be filed, attachment issue and an order to show cause, as prayed for, be issued, returnable at Shreveport, Louisiana on the 23rd day of January, 1941, at 10:00 a.m.

"Thus done and signed at Monroe, Louisiana, this the 8th day of January, 1941.

"(Signed) Ben C. Dawkins
"U. S. District Judge"

When the matter was first brought to the attention of this court, before the filing of the information, the judge thereof, who had presided at the trial, naturally became concerned to know whether there was any substantial foundation for the charge and delayed action thereon until he had been furnished, not only with statements of persons participating therein, but a transcript of the testimony of a number of witnesses taken before the Grand Jury at Lake Charles, Louisiana, at which the whole matter had been investigated and the said E. B. Gillon had been indicted for conspiracy to corruptly influence the said juror. Having received this additional information, the order for the rule to show cause was signed on January 8th, 1941, and the same was set for hearing on January 23rd, 1941, at which time the pleadings now under consideration were taken up, argued and briefs subsequently filed. The statements and testimony of witnesses before the Grand Jury tended to support the allegations of the information and the court felt that the matter should be proceeded with in the manner adopted. The circumstances, if true, had the appearance of seriously affecting the integrity of the court's functioning.

■ While, I think that it was unnecessary to have the formal information or application for the rule supported by attached affidavits, the official oaths of the United States Attorney and the Assistant United States Attorney being sufficient, the course pursued, I think dispensed with the necessity therefor, if it existed. The situation is no different to the investigation of a Grand Jury in which an indictment is returned, and the evidence upon which it is predicated is received in secret session by that body. Persons so charged are not entitled to have or know the names of witnesses upon whose testimony a charge is based, until the open public trial later to be had. In the present proceeding, the defendant will be confronted with those witnesses to the extent, at least, of the requirement that his guilt be proven beyond a reasonable doubt and with full opportunity for cross-examination, etc.

■ The technical requirements of an indictment are not necessary in a proceeding for contempt, but it is sufficient if the defendant is advised of the nature of the charge against him, to serve as a bar to a second complaint based upon the same facts and circumstances and if he is afforded full opportunity to be heard upon any relevant evidence bearing upon the merits of the case. In the recent case of Ryals v. United States, 5 Cir., 69 F.2d 946, 947, the Court of Appeals for this Circuit, in dealing with the charge of contempt said: "Proceedings for contempt of court are summary in form and swift in execution. Special pleading and formal demurrers are out of place."

See, also, Froelich v. United States, 8 Cir., 33 F.2d 660; Conley v. United States, 8 Cir., 59 F.2d 929; McCann v. New York State Stock Exchange, 2 Cir., 80 F.2d 211; In re Kelly, D.C., 243 F. 696; Kelly v. United States, 250 F. 947; Ex parte Savin, Petitioner, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150; McCourtney v. United States, 8 Cir., 291 F. 497; Schwartz v. United States, 4 Cir., 217 F. 866; O'Connell v. United States, 2 Cir., 40 F.2d 201; Lang v. United States, 2 Cir., 55 F.2d 922; Fanning v. United States, 4 Cir., 72 F.2d 929; Camarota v. United States, 3 Cir., 111 F.2d 243. In the case of Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505, the Supreme Court said:

"But it does not follow that, because the arrest was illegal, the information was or became void. The information was filed by leave of court. Despite some practice and statements to the contrary, it may be accepted as settled that leave must be obtained, and that, before granting leave, the court must, in some way, satisfy itself that there is probable cause for the prosecution. This is done sometimes by a verification of the information, and frequently by annexing affidavits thereto. *But these are not the only means by which a court may become satisfied that probable cause for the prosecution exists.* The United States Attorney, like the Attorney General or Solici-

725

tor General of England, may file an information under his oath of office, and, if he does so, his official oath may be accepted as sufficient to give verity to the allegations of the information."

This was a case in which the defendant was prosecuted for violating the National Prohibition Law, 27 U.S.C.A. § 1 et seq., on information and was strictly a criminal charge, whereas the matter before this court, as earlier pointed out, is not controlled by the strict rules of criminal procedure.

My conclusion is that the information sufficiently charges the defendant with having corruptly and improperly sought to influence a petit juror who participated in the trial of his case; that he has been duly informed of the nature of that charge and that he should promptly file his answer or return thereto, if desired, and to that end that the matter may be expeditiously disposed of on the merits on February 17th, the date which the court indicated it would be heard, at the argument of the motions, if they were overruled. Let the motions be overruled and let the case stand for trial on the merits on February 17th, 1941.